1  RICK L. SHACKELFORD (SBN 151262)
2  DANIELL K. NEWMAN (SBN 242834)
   RYAN C. BYKERK (SBN 274534)
3  GREENBERG TRAURIG, LLP
   1840 Century Park East, Suite 1900
4  Los Angeles, California  90067
   Tel: (310) 586-7700; Fax: (310) 586-7800
5  E-mail: *ShackelfordR@gtlaw.com*
          *NewmanDK@gtlaw.com*
6         *BykerkR@gtlaw.com*
7
   Attorneys for Plaintiff, Lifeway Foods, Inc.
8

9              **UNITED STATES DISTRICT COURT**

10            **CENTRAL DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| 12  LIFEWAY FOODS, INC., an Illinois corporation, | Case No. 2:16-CV-07099 |
| 13 | |
|     Plaintiff, | **COMPLAINT FOR:** |
| 14 | **1. VIOLATION OF THE LANHAM ACT** |
| 15  vs. | |
|     | **2. UNFAIR COMPETITION** |
| 16  MILLENNIUM PRODUCTS, INC., d/b/a GT'S KOMBUCHA / SYNERGY | **3. FALSE ADVERTISING** |
| 17  DRINKS, a California corporation; COCOKEFIR LLC, a Delaware limited | |
| 18  liability company, | |
| 19     Defendants. | Complaint Filed: |
| 20 | Trial Date:      None Set |

21
22
23
24
25
26
27
28

COMPLAINT

*LA 132742405v9*

Plaintiff Lifeway Foods, Inc. ("Lifeway") hereby alleges as follows:

## INTRODUCTION

1.     Lifeway, the leading United States producer of the popular fermented dairy milk drink known as "Kefir," brings this action to enjoin Defendants and any of their related entities from marketing or selling a misbranded product styled as "CocoKefir," which it wrongfully advertises as being "Kefir" and which misleadingly suggests is made from fermented milk.  In fact, this product is merely coconut water fortified with probiotic bacteria.  It contains no dairy content at all.  Lifeway also seeks damages and other appropriate relief.

## PARTIES

2.     Lifeway is an Illinois corporation and does business throughout the country, including in California.  Lifeway was founded in 1986 and is the leading producer of Kefir in the United States.  Lifeway has spent 30 years and millions of dollars to develop its product, its brand and its goodwill in the United States.

3.     Lifeway is informed and believes that Defendant Millennium Products, Inc. ("Millennium"), which is also doing business as GT's Kombucha/Synergy Drinks and may do business under other names as well, is a California corporation, which does business in California and throughout the United States.

4.     Lifeway is informed and believes that Defendant CocoKefir, LLC ("CocoKefir LLC"), is a Delaware limited liability company.

## JURISDICTION AND VENUE

5.     Jurisdiction is based on 15 U.S.C. § 1121 (the Lanham Act) and 28 U.S.C. § 1367 (supplemental jurisdiction).

6.     Venue is proper in this District because Millennium is located here and the wrongful acts occurred or originated in this District.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

7.     Kefir is a fermented (cultured) milk drink that originated in the Caucasus

1

COMPLAINT

LA 132742405v9

Mountains, where it was traditionally made by treating milk with kefir grains – a starter of yeast and lactic acid bacteria (similar to the starter for yoghurt or sourdough) – and storing the mixture in skin bags to ferment.  It is now made in modern facilities, but the basic process of fermenting milk is the same.

8.    Kefir is widely considered to be nutritious and healthy because it is made from milk by a natural fermentation process which reacts with the lactose in milk and produces billions of probiotic organisms, including various forms of *Lactobacillus*. The fermentation also gives the product its distinctive tart and tangy flavor.

9.    Kefir, a dairy product, is made primarily from the milk of cows, but can also be made from the milk of sheep or goats.  Genuine Kefir cannot be made from the non-dairy "milk" or "water" of plants, whether coconuts or otherwise. Specifically, the U.S. Food and Drug Administration ("FDA") has defined Kefir as "commonly understood to be a dairy beverage of fermented milk from cows, sheep or goats."[1]

10.    "Kefir" is further defined and described by the FDA in Part 131 of Title 21, C.F.R., as "Cultured Milk."

> (a) *Description.* **Cultured milk is the food produced by culturing one or more of the optional dairy ingredients specified in paragraph (c) of this section with characterizing microbial organisms.** One or more of the other optional ingredients specified in paragraphs (b) and (d) of this section may also be added. When one or more of the ingredients specified in paragraph (d)(1) of this section are used, they shall be included in the culturing process. All ingredients used are safe and suitable. **Cultured milk contains not less than 3.25 percent milkfat and not less than 8.25 percent milk solids** not fat and has a titratable acidity of not less than 0.5 percent, expressed as lactic acid. The food may be homogenized and shall be pasteurized or ultra-pasteurized prior to the addition to the microbial culture,

---

[1] Federal Trade Commission and Food and Drug Administration Warning Letter to CocoKefir, LLC, November 22, 2011, available at http://www.fda.gov/ICECI/ EnforcementActions/WarningLetters/ucm281492.htm (last visited 9/20/16).

COMPLAINT

*LA 132742405v9*

and when applicable, the addition of flakes or granules of butterfat or milkfat.

Section 131.112 (emphasis added).

11.     In other words, Kefir must contain the specified minimum levels of milkfat and milk solids in order to be considered Cultured Milk. Paragraph (c) in turn defines the dairy products from which Cultured Milk must be made:

(c) *Optional dairy ingredients.* Cream, milk, partially skimmed milk, or skim milk, used alone or in combination.

Section 131.112(c).

12.     Products made in conformity with these regulations are termed "Cultured Milk":

(f) *Nomenclature.* The name of the food is "**cultured milk**". The full name of the food shall appear on the principal display panel in type of uniform size, style, and color. The name of the food shall be accompanied by a declaration indicating the presence of any characterizing flavoring as specified in 101.22 of this chapter, and may be accompanied by a declaration such as a traditional name of the food or the generic name of the organisms used, thereby indicating the presence of the characterizing microbial organisms or ingredients, **e.g., "kefir cultured milk"**, "acidophilus cultured milk", or when characterizing ingredients such as those in paragraphs (d) (6), (7), (8), and (9) of this section, and lactic acid-producing organisms are used the food may be named "cultured buttermilk".

Section 131.112(f) (emphasis added).

13.     Producers of Cultured Milk can add certain other specified ingredients, subject to certain limitations. Among things, they can add "(4) Color additives that do not impart a color simulating that of milkfat or butterfat." *Id.* § (d)(4). In other words, producers cannot create Cultured Milk with "simulated" or fake milkfat or butterfat.

14.     Lifeway's Kefir is a Cultured Milk made in conformity with these regulations.

3

COMPLAINT

LA 132742405v9

15.     The international community recognizes the same definitions for Kefir and dairy products.   At the joint direction of the United Nations' Food and Agriculture Organization ("FAO") and World Health Organization ("WHO"), representatives of more than 180 countries, including the United States, have undertaken to implement food standards in order to "protect[ ] consumers' health and ensur[e] fair practices in the food trade."  Codex Alimentarius Comm'n, *Procedural Manual*, at 20 (23rd ed. 2013).  The authoritative Codex Alimentarius created by these representatives is a well-respected registry of food definitions and regulations.

16.     The Codex defines Kefir in an almost identical manner as the FDA, referring to it as Fermented Milk rather than Cultured Milk:

> ***Fermented Milk*** is a milk product obtained by fermentation of milk, which milk may have been manufactured from products obtained from milk with or without compositional modification as limited by the provision in Section 3.3, by the action of suitable microorganisms and resulting in reduction of pH with or without coagulation (iso-electric precipitation). These starter microorganisms shall be viable, active and abundant in the product to the date of minimum durability.  If the product is heat treated after fermentation the requirement for viable microorganisms does not apply.
>
> Certain Fermented Milks are characterized by specific starter culture(s) used for fermentation as follows:
> ….
> **Kefir**: Starter culture prepared from kefir grains, Lactobacillus kefiri, species of the genera Leuconostoc, Lactococcus and Acetobacter growing in a strong specific relationship. Kefir grains constitute both lactose fermenting yeasts (Kluyveromyces marxianus) and non-lactose-fermenting yeasts (Saccharomyces unisporus, Saccharomyces cerevisiae and Saccharomyces exiguus).
> ….

Codex Stan 243-2003, § 2.1.

17.     Like the FDA, the Codex sets minimums standards for the presence of dairy ingredients, in this case limiting non-dairy ingredients to 50%:

4

COMPLAINT

LA 132742405v9

> ***Flavoured Fermented Milks*** are composite milk products, as defined in Section 2.3 of the General Standard for the Use of Dairy Terms (CODEX STAN 206-1999) which contain a maximum of 50% (m/m) of non-dairy ingredients (such as nutritive and non nutritive sweeteners, fruits and vegetables as well as juices, purees, pulps, preparations and preserves derived therefrom, cereals, honey, chocolate, nuts, coffee, spices and other harmless natural flavouring foods) and/or flavours. The non-dairy ingredients can be mixed in prior to/or after fermentation.

Codex Stan 243-2003, § 2.3

18.    And, just as in the FDA regulations, the base ingredient, "milk," from which Kefir is made must come from animals, and not non-dairy sources such as coconuts:

> Milk is the normal mammary secretion of milking animals obtained from one or more milkings without either addition to it or extraction from it, intended for consumption as liquid milk or for further processing.

Codex Stan 206-1999, § 2.1.

19.    Lifeway is informed and believes that, as noted by the FDA, consumers in the United States, and around the world for that matter, reasonably believe and understand that Kefir is a dairy beverage, as described above.

20.    In contrast to genuine Kefir products, Defendants' "CocoKefir" products contain no dairy whatsoever.  The ingredients for the "CocoKefir Cacao" flavor are: "young coconut water; probiotic cultures; raw cacao; stevia extract; and 100% pure love."  The nutrition facts panel reveals that each serving contains less than one gram of fat from any source; obviously, based upon this ingredient list, there is no milkfat at all. Set forth below is a picture of the principal display panel, ingredient list and nutrition facts panel for the "CocoKefir Cacao" flavor.

**(INTENTIONALLY LEFT BLANK FOR IMAGES THAT FOLLOW)**

5

COMPLAINT

*LA 132742405v9*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26



27    21.    "CocoKefir" comes in two other flavors:  "CocoKefir Matcha" and "CocoKefir

28                                                     6

LA 132742405v9

Pure."   The ingredients in "Matcha" are: "young coconut water; probiotic cultures; ceremonial matcha; stevia extract; and 100% pure love."   The ingredients for the "pure" flavor are: "young coconut water; probiotic cultures; stevia extract; and 100% pure love." Again, there is no dairy and no milkfat from any source in either of these varieties.  Set forth below are pictures of the principal display panels, ingredient lists and nutrition facts panels for the "CocoKefir Matcha" and "Pure" flavors.

7

COMPLAINT

LA 132742405v9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28




8

COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23




24
25
26
27
28

22.     Defendants' "CocoKefir" products do not meet the FDA standards for Kefir

9

LA 132742405v9

or Cultured Milk, or for that matter, the Codex standards. They are not "Kefir" by definition.

23. Since Defendants' products are not Kefir, Defendants cannot lawfully label, advertise, market or sell them as Kefir. 21 CFR § 101.3 *et seq.*

24. Defendants are presently marketing and advertising the products as Kefir. Indeed, all three flavors of "CocoKefir" are currently being sold in California through at least one outlet, the "Café Gratitude" in Venice where the products pictured in this Complaint all were obtained. They retail for the outlandish price of $10 for each 16.2 ounce bottle. Thus, Defendants' misbranded products are already in market and available for purchase by consumers seeking to obtain genuine Kefir products.

25. Lifeway is informed and believes that the bogus "CocoKefir" products are about to get much broader distribution. Lifeway is informed that Defendants intend to "launch" the "CocoKefir" product at the Natural Products Expo 2016 in Baltimore Maryland, which scheduled to begin on September 22, 2016.

26. The Natural Products Expo is one of the largest trade shows for natural food and beverage products in the country. Numerous manufacturers, distributors, retailers and consumers attend these shows, where they make decisions about which natural products to purchase. In particular, Lifeway is informed and believes that Defendants will be participating in meetings with pre-qualified natural food buyers from around the world as part of a "Buyers Mission."

27. Lifeway is informed and believes that, in anticipation of the Natural Foods Expo launch, Defendants created labels and advertising for their "CocoKefir" products, and that Defendants engaged the services of one or more persons to create a "media buzz" about the products by circulating these advertisements on the Internet. A true and correct copy of one such advertisement is attached hereto as **Exhibit 1.**

28. True and correct copies of additional advertisements are attached hereto as **Exhibits 2 and 3**.

10

COMPLAINT

*LA 132742405v9*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29.     **Exhibit 1** is reproduced in smaller form below:



30.     As can clearly be seen in **Exhibit 1,** the product prominently displays the label element of "COCO**KEFIR**," with the Kefir element rendered in darker, bolder font so it stands out.[2]

31.     Although the "launch" may be new, the "CocoKefir" product and label is not.  Lifeway is informed and believes that Defendants' "CocoKefir" is the same product and similar label sold a few years ago by a different CocoKefir LLC, a Minnesota limited liability company that has been renamed TnT Fermented Foods, LLC, whose products and trademarks Defendants subsequently acquired.

32.     In November 2011, the FDA sent a warning letter to the original CocoKefir LLC expressing the same concerns as Lifeway has now.

---

[2] The label element "GT'S" is a reference to a d/b/a of Millennium.

11

COMPLAINT

33.     Specifically, the FDA warned the original CocoKefir LLC that:

We are concerned that the brand name of the product, "**CocoKefir," may potentially be misleading because it appears to imply that the product is a dairy beverage. Use of bolding and an alternate font makes the word "Kefir" appear more prominently featured than the word "Coco**." Kefir is commonly understood to be a dairy beverage of fermented milk from cows, sheep, or goats.[3]

34.     In that same warning letter, the FDA stated:

FDA has determined that your CocoKefir Young Coconut Kefir product is misbranded within the meaning of Section 403(q) of the Act [21 U.S.C. 343(q)] in that the Nutrition Facts panel shown on your website fails to properly declare the serving size as required by 21 CFR 101.9(b) and 101.12(b). Specifically, serving sizes are determined based on the Reference Amounts Customarily Consumed (RACC), which are provided in 21 CFR 101.12(b). The Nutrition Facts panel for your CocoKefir Young Coconut product declares the serving size as "1/2 cup," but based on the RACC for beverages, the serving size is 8 oz. (240 ml).

35.     As shown in the photographs above, each of the "CocoKefir" products lists the serving size as "1/2 cup," not the 8 ounces identified as the appropriate RACC by the FDA, rendering the products misbranded for another reason.

36.     As shown in the photographs above, the "Cacao" and "Matcha" flavors list only "probiotic cultures," but do not identify the strains of bacteria used as the purported "probiotics." Unlike the "Pure," flavor, the labels for "Cacao" and "Matcha" do not identify anywhere what strains of bacteria are used; instead, they are merely described as "a proprietary probiotic blend." Accordingly, these flavors are further misbranded in

---

[3] Federal Trade Commission and Food and Drug Administration Warning Letter to CocoKefir, LLC, November 22, 2011, available at  http://www.fda.gov/ICECI/ EnforcementActions/WarningLetters/ucm281492.htm.  (Emphasis added.)

12

COMPLAINT

LA 132742405v9

violation of 21 CFR §101.4(b), due to the failure to identify the name of ingredients in the products.

37.     Not long after the FDA's warning letter, the old "CocoKefir" product was withdrawn from the market.  But before it was withdrawn, the "CocoKefir" product eroded Lifeway's brand as a genuine Kefir producer and caused Lifeway to lose market share and suffer other injuries.

38.     Lifeway will suffer the same brand erosion, loss of market share, and other damages anew if Defendants are permitted to bring the misbranded "CocoKefir" products to the market again.

39.     Tellingly, Defendants apparently make no attempt to apologize, much less atone for, the earlier misbranding of the product.  The text of the ad prominently proclaims to consumers:  "**Back at it again** . . kefir wins.  You're welcome gut." [Emphasis added.]

40.     Thus, Defendants not only label the products as Kefir but they specifically **describe** them as Kefir, without any qualifying or explanatory language, and without addressing the misbranding issue the FDA identified years ago.

41.     Defendants' false and misleading labeling and advertising statements and omissions are also damaging to the consuming public.  These false and misleading representations are designed to entice consumers to purchase Defendants' products over Lifeway's products.  Specifically, Defendants' false and misleading representations regarding the ingredients of their products deceive consumers, causing them to believe that their product, like Lifeway's products, primarily contain Kefir, a fermented/cultured milk, as defined by FDA regulations and the Codex.  The truth is that Defendants' products primarily contain coconut water.

42.     In this way, Defendants entice consumers who would otherwise buy Lifeway's genuine Kefir products to buy their misbranded CocoKefir products instead.  In doing so, Defendants wrongfully mislead and deceive consumers, and trick them into

13

COMPLAINT

LA 132742405v9

believing that they are getting a similar product (namely, Kefir, a fermented/cultured milk with all of its associated health benefits), when in fact they are getting a very different product primarily containing coconut water and no dairy.

43. The natural, probable and foreseeable result of Defendants' wrongful conduct has been and will be to cause confusion and deception in the Kefir market as a whole, to deprive Lifeway of business and goodwill, and to injure Lifeway's relationships with existing and prospective customers.

44. By falsely labeling and advertising their products as Kefir, Defendants are engaging in unfair competition and false advertising, as set forth below.

## FIRST CLAIM FOR RELIEF

(False Advertising and Unfair Competition Under Lanham Act

§43(a), 15 U.S.C. 1125(a), Against All Defendants)

45. Plaintiff incorporates by reference Paragraphs 1 through 44 above as though fully set forth herein.

46. Lifeway is informed and believes that Defendants have made and distributed, and intend to further distribute, in interstate commerce, labels and advertisements that contain statements of fact regarding the "CocoKefir" products that are false and misleading.

47. These labels and advertisements contain actual misstatements and/or misleading statements and failures to disclose, including, among others, the statement that Defendants' product is Kefir when in fact it contains no dairy or any other ingredient that meets the legal definition of "milk," and they omit clarifying language to explain that Defendants' products do not have the fermented milk that consumers expect in Kefir.

48. Lifeway is informed and believes that the false and misleading statements have deceived or are likely to deceive reasonable consumers.

14

COMPLAINT

49.     Lifeway is informed and believes that the misleading statements are material, in that they go to the heart of the products' value as being a genuine Kefir product.

50.     Lifeway is informed and believes that the practices of Defendants constitute unfair competition, in that the marketing and sale of non-dairy products purporting to be Kefir dilutes the value of authentic Kefir products and confuses consumers who purchase "CocoKefir" reasonably believing they are getting a genuine Kefir product when they are not.

51.     By deceiving consumers into thinking they are getting genuine Kefir from probiotic-enhanced coconut water that it wrongly describes as Kefir, Defendants are attempting to obtain, and will obtain unless enjoined, a wrongful and unfair competitive advantage, because Defendants can undercut Lifeway's market, or make more profit for equivalent volumes, or both.

52.     Unless Defendants are enjoined, consumers will be confused, the meaning of genuine Kefir will be diluted, and consumers will be immediately and irreparably injured.

53.     Unless Defendants are enjoined, Lifeway will continue to suffer immediate and irreparable injury, including the loss of its reputation and goodwill associated with thirty years of developing and marketing Kefir and its Lifeway brand.  The loss of thirty years' of reputation and goodwill in the marketplace would be irreparable for Lifeway.

54.     Unless Defendants are enjoined, Lifeway's market with distributors, retailers and consumers will be damaged.

55.     Unless Defendants are enjoined, Lifeway will lose money, lose sales to Defendants, and lose market share to Defendants.

56.     Defendants' false and misleading advertising statements and omissions violate the Lanham Act § 43(a), 15 U.S.C. §1125(a).

57.     Plaintiff is without an adequate remedy at law.

15

COMPLAINT

58.     Pursuant to 15 U.S.C. §1116, Plaintiff is entitled to temporary, preliminary and permanent injunctive relief, restraining Defendants, their officers, agents, employees, and all persons acting in concert with them, from engaging in further such unlawful conduct.

59.     Pursuant to 15 U.S.C. §1117, Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' acts in violation of Lanham Act § 43(a).  Plaintiff is at present unable to ascertain the full extent of the damages it has suffered by reason of Defendants' acts.

60.     Pursuant to 15 U.S.C. §1117, Plaintiff is further entitled to recover from Defendants the gains, profits and advantages that they have obtained as a result of their acts.  Plaintiff is at present unable to ascertain the full amount of the gains, profits and advantages Defendants have obtained by reason of their acts.

61.     Pursuant to 15 U.S.C. §1117, Plaintiff is further entitled to recover the costs of this action.  Moreover, Plaintiff is informed and believes, and on that basis alleges, that Defendants' conduct was undertaken willfully and with the intention of causing confusion, mistake or deception, making this an exceptional case entitling Plaintiff to recover additional damages and reasonable attorneys' fees.

## SECOND CLAIM FOR RELIEF

(Statutory Unfair Competition Cal. Bus. & Prof. Code § 17200, *et seq.*,

Against All Defendants)

62.     Plaintiff incorporates by reference Paragraphs 1 through 61 above as though fully set forth herein.

63.     The above-described conduct of Defendants constitutes unlawful and unfair competition in violation of California Business & Professions Code §§ 17200 et seq. (the "UCL"), in that such acts were and are unlawful, unfair, deceptive and/or fraudulent business acts.

COMPLAINT

LA 132742405v9

64.   Defendants' actions as alleged above violate the "fraudulent" prong of the UCL, because they are likely to mislead and confuse a statistically significant percentage of reasonable product distributors, retailers, and consumers.   Specifically, upon information and belief, Defendants have made, published, disseminated, and circulated false, deceptive, and misleading statements, representations, and advertisements in California misrepresenting the nature, quality, and characteristics of their "CocoKefir" products with the intent of selling, distributing, and increasing the consumption of, and interest in, their products through such statements.

65.   Defendants' actions as alleged above violate the "unlawful" prong of the UCL because "CocoKefir" is misbranded and it is a violation of California Health & Safety Code § 110660 to sell a misbranded product.

66.   As the direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered and will continue to suffer substantial injury, including loss of customers, dilution of goodwill, confusion of existing and potential customers, and diminution of the value of Plaintiff's products. The harm these wrongful acts will cause to Plaintiff is both imminent and irreparable, and the amount of damage sustained by Plaintiff will be difficult to ascertain if these acts continue.   Unless enjoined, Defendants' wrongful conduct will continue to cause great, immediate, and irreparable injury to Plaintiff.

67.   Plaintiff is without an adequate remedy at law.

68.   Plaintiff is therefore entitled to injunctive relief, pursuant to California Business and Professions Code § 17203, restraining Defendants, their officers, agents, employees, and all persons acting in concert with them, from engaging in further such unlawful conduct.

69.   Plaintiff is further entitled to restitution from Defendants.

17

COMPLAINT

LA 132742405v9

**THIRD CLAIM FOR RELIEF**

(False Advertising Under Cal. Bus. & Prof. Code § 17500, Against All Defendants)

70.     Plaintiff incorporates by reference Paragraphs 1 through 69 above as though fully set forth herein.

71.     Defendants knew, or in the exercise of reasonable care should have known, that their publicly disseminated statements and omissions relating to the "CocoKefir" product were false and/or misleading. Defendants' false advertising statements and omissions injure consumers and Plaintiff.  Defendants' false and misleading statements include, among other things, that Defendants' products consist of Kefir, when they do not.

72.     As the direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered and will continue to suffer substantial injury, including loss of customers, dilution of goodwill, confusion of existing and potential customers, and diminution of the value of Plaintiff's products. The harm these wrongful acts will cause to Plaintiff is both imminent and irreparable, and the amount of damage sustained by Plaintiff will be difficult to ascertain if these acts continue.  Unless enjoined, Defendants' wrongful conduct will continue to cause great, immediate, and irreparable injury to Plaintiff.

73.     Upon information and belief, Defendants' actions are willful, wanton, and/or in reckless disregard for the rights of Plaintiff.

74.     Unless enjoined, Defendants' wrongful conduct will continue to cause great, immediate, and irreparable injury to Plaintiff.

75.     Plaintiff is therefore entitled to injunctive relief, pursuant to California Business and Professions Code § 17203, restraining Defendants, their officers, agents, employees, and all persons acting in concert with them, from engaging in further such unlawful conduct.

18

COMPLAINT

LA 132742405v9

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues properly triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, LIFEWAY PRAYS FOR RELIEF AS FOLLOWS:

1.     That Defendants be preliminarily and permanently enjoined from advertising, marketing, or selling their misbranded "CocoKefir" products;

2.     That Defendants be required to correct erroneous impressions that the public may have derived concerning "CocoKefir," including without limitation, the placement of corrective advertising and written notice to the public.

3.     For actual damages according to proof;

4.     For treble damages as a result of Defendants' willful, intentional, and deliberate violation of the Lanham Act;

5.     For additional equitable relief, including disgorgement of any proceeds Defendants received from the sale of their misbranded "CocoKefir" products and the destruction of Defendants' misleading and deceptive advertising materials and products;

6.     For its costs of suit, including reasonable attorneys' fees, for pursuing this action; and

7.     For such other and further relief as the Court deems just and proper.


DATED:  September 21, 2016          GREENBERG TRAURIG, LLP



                                    By:    /s/  Rick L. Shackelford
                                        Rick L. Shackelford
                                        Daniell K. Newman
                                        Ryan C. Bykerk
                                        Attorneys for Plaintiff,
                                        Lifeway Foods, Inc.

19

COMPLAINT

LA 132742405v9