# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIFEWAY FOODS, INC., an Illinois corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MILLENNIUM PRODUCTS, INC., d/b/a GT'S KOMBUCHA / SYNERGY DRINKS, a California corporation, COCOKEFIR LLC, a Delaware limited liability company,<br><br>Defendant. | Case No. 2:16-CV-07099<br><br>**[PROPOSED]** *EX PARTE* **TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE**<br><br>Complaint Filed:  September 21, 2016<br>Trial Date:          None Set |

# [PROPOSED] *EX PARTE* TEMPORARY RETRAINING ORDER AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE

Plaintiff Lifeway Foods, Inc., ("Lifeway" or "Plaintiff") having moved for an *ex parte* for a preliminary injunction, or in the alternative, for a temporary restraining order, pursuant to Section 43(a) of the Lanham Act (11 U.S.C. § 1125(a)), and under Federal Rule of Civil Procedure 65 and Central District Local Rule 65-1, for the reason that Defendant Millennium Products, Inc., d/b/a GT's Kombucha / Synergy Drinks and CocoKefir LLC ("Defendants") in this judicial district and elsewhere in the United States, are manufacturing, have begun marketing, and will imminently launch a misbranded beverage product to the irreparable harm of Lifeway, and the Court, having reviewed the complaint, memorandum of points and authorities, supporting declarations and exhibits submitted herewith, finds as follows:

1. Lifeway is likely to succeed in showing both unlawful conduct by a competitor and a likelihood of confusion. First, Lifeway has provided sufficient evidence to suggest Defendants have engaged in unlawful conduct – the production and marketing of the misbranded product "CocoKefir" – by offering photographs of physical samples of the misbranded product and copies of social media posts about the misbranded product. Second, Lifeway has shown a likelihood of confusion on the part of a substantial number of consumers. Specifically, Lifeway has shown that in the consumer "comments" in response to blog posts advertising the "CocoKefir" product, consumers believe the product to be Kefir and not just enhanced coconut water. Accordingly, Lifeway is likely to succeed on its claim.

2. Lifeway has produced sufficient evidence to meet its burden to show that it is suffering and is likely to suffer further imminent and irreparable harm if Defendants are not enjoined. Lifeway has demonstrated that its competitors, Defendants, have begun marketing and will soon formally launch at the Natural Products Expo East ("Expo East") a line of products that purport to be Kefir, even though the products do not contain any dairy ingredients. The misbranded product competes with Lifeway's genuine Kefir

product for the same scarce shelf space at retail stores, as well as for consumers seeking genuine Kefir. The marketing of "CocoKefir" and specifically, the "launch" of "CocoKefir" at Expo East, will likely affect Lifeway's sales position by deceiving reasonable consumers, including retailer buyers, brokers, distributors, and other Expo East attendees, into believing the "CocoKefir" non-dairy product is genuine Kefir, creating a market for Defendants' misbranded product. Defendants will thereby obtain a wrongful and unfair competitive advantage, because Defendants will undercut Lifeway's market at Expo East (where Lifeway is also exhibiting), causing Lifeway to lose sales of its genuine Kefir to Defendants' misbranded non-dairy non-Kefir coconut water, and causing Lifeway to lose the goodwill associated with thirty years of creating, developing and marketing its Lifeway Kefir brand – an irreparable injury.

3. Lifeway's harm from denial of the requested temporary restraining order would outweigh the harm to Defendants' legitimate interests from granting such an order.

4. An injunction is in the public interest insofar as it would prevent consumer confusion and deception in the marketplace, and it would protect Lifeway's goodwill in the marketplace.

5. Lifeway has demonstrated specific facts in the declaration of Derek Miller and Douglas A. Hass clearly showing that immediate and irreparable injury, loss, or damage will result to Lifeway before the adverse party can be heard in opposition.

THEREFORE, IT IS HEREBY ORDERED that, pending the hearing on Lifeway's application for preliminary injunction, Defendants and their officers, agents, servants, employees, attorneys, confederates, related entities, and all persons who are in active concert or participation with them are hereby temporarily restrained from:

(a) Selling, marketing, advertising or distributing their misbranded "CocoKefir" products through any outlet for purchase by consumers;

(b) launching the "CocoKefir" product at Expo East or in any other public venue; and,

      (c)      thereafter, exhibiting, displaying, marketing, advertising, demonstrating, sampling, discussing, selling or otherwise referencing or referring to the "CocoKefir" product before the Court has fully adjudicated the issue of whether the "CocoKefir" product is misbranded or not, because if it is misbranded, it cannot lawfully be sold as a Kefir product anywhere in the United States.

IT IS FURTHER ORDERED that Defendants show cause on the \_\_\_\_ day of _____, 2016 at _____ a.m./p.m. or as soon thereafter as counsel can be heard, in Courtroom _____, in the United States District Court for the Central District of California, located at the Edward R. Roybal Federal Building, 255 East Temple Street, Los Angeles, CA 90012, why an Order pursuant to Federal Rule of Civil Procedure 65 and Section 43(a) of the Lanham Act should not be entered granting Lifeway a preliminary injunction restraining Defendants from engaging in the acts set forth in paragraphs (a) and/or (b), above.

IT IS FURTHER ORDERED, that Defendants' answering papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for Lifeway by delivering copies thereof to the offices of Greenberg Traurig, LLP, 1840 Century Park East, Suite 1900, Los Angeles, California 90067-2121, or to the email addresses shackelfordr@gtlaw.com and newmandk@gtlaw.com, before _____ a.m./p.m. on _____, 2016. Any reply shall be filed and served by Lifeway at the hearing

IT IS FURTHER ORDERED, that the Temporary Restraining Order shall remain in effect until the date for hearing on the Order to Show Cause set forth above, or such further dates as set by the Court, unless Defendants stipulate, or have not objected, to the Preliminary Injunction.

IT IS FURTHER ORDERED, that Lifeway shall post a corporate surety bond, undertaking, cash or a certified or attorney's check in the amount of _____ as security, determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

NOTICE TO DEFENDANTS: All parties affected by this Order have the right to apply to the Court for modification or dissolution on two (2) days' notice or on such shorter notice as the Court may allow.

**IT IS SO ORDERED.**

DATE AND HOUR ISSUED: _____  _____
                                    Hon. Manuel L. Real,
                                    United States District Judge