NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIFEWAY FOODS, INC., an Illinois corporation, </br></br> Plaintiff, </br></br> v. </br></br> MILLENIUM PRODUCTS, INC., d/b/a GT'S KOMBUCHA/SYNERGY DRINKS, a California corporation, COCOKEFIR LLC, a Delaware limited liability company, </br></br> Defendants. | CASE NO.  CV 16-7099-R </br></br> ORDER DENYING PLAINTIFF'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER |

Plaintiff's *Ex Parte* Application came before this Court on September 21, 2016.  (Dkt. No. 6).

Application for injunctive relief is limited to those rare situations where a party is faced with the possibility that irreparable injury will occur before the hearing for a preliminary injunction required by Federal Rule of Civil Procedure 65(a) can be held. An applicant must allege "specific facts in an affidavit or a verified complaint clearly show *that immediate and irreparable injury, loss, or damage will result* to the movant before the adverse party can be heard in opposition. Fed. R. Civ. P. 65 (emphasis added). It is the plaintiff's burden to show that, in the

1  absence of a preliminary injunction, he is likely to suffer irreparable harm. *See Arizona Dream Act*

2  *Coal. v. Brewer*, 757 F.3d 1053, 1068 (9th Cir. 2014). Irreparable harm is traditionally defined as

3  harm for which there is no adequate legal remedy, such as an award of damages. *See Rent–A–Ctr.,*

4  *Inc. v. Canyon Television & Appliance Rental, Inc*., 944 F.2d 597, 603 (9th Cir. 1991).

5       Plaintiff claims that Defendant will be appearing at one of the leading organic food

6  tradeshows in order to release its line of "CocoKefir" beverages. Plaintiff alleges that

7  "CocoKefir" is not actually Kefir as it does not contain any dairy and therefore violates the

8  Federal Food Drug and Cosmetic Act and the Lanham Act thereby causing Plaintiff harm as one

9  of CocoKefir's main competitors. The Court is not convinced that allowing Defendant to launch

10  the product at the Expo East Natural Foods trade show will irreparably harm Plaintiff. Having

11  read the application, this Court hereby DENIES Plaintiff's Application for failure to show

12  irreparable harm.

13       An *ex parte* temporary restraining order is an emergency procedure and is appropriate only

14  when the applicant is in need of immediate relief. In the event Plaintiff actually suffers harm, they

15  have failed to show that such harm cannot be repaired by an award of damages. It is not clear that

16  damages would be inadequate. Damages relating to lost sales or market share may be proven with

17  sufficient certainty after the course of proper litigation. Furthermore, a preliminary injunction

18  granted after Defendant has had time to respond would have nearly the same effect as a TRO

19  granted prior to a three day tradeshow. Plaintiff fails to convince the Court that it could be

20  irreparably harmed by allowing the Defendant to launch a product at a tradeshow. Allowing

21  Defendant to launch a product at a tradeshow may allow for an initial excitement around the

22  product, but it is far from clear that such a launch will prevent Plaintiff from being able to make

23  sales of its product either at the tradeshow or in the future. Should Defendant even manage to

24  make sales at the tradeshow, if Plaintiff is able to show that a preliminary injunction should be

25  ordered then those sales could be enjoined at the proper time. There is no need to temporarily

26  restrain Defendant's product launch at this time.

27     ///

28     ///

1 **IT IS HEREBY ORDERED** that Plaintiff's Ex Parte Application is DENIED.  (Dkt. No 6).

**IT IS HEREBY FURTHER ORDERED** that the Motion for Preliminary Injunction is set for hearing on November 7, 2016 at 10:00 am.  The briefing on this matter shall comply with the briefing schedule set forth in Local Rule 6.

Dated: September 23, 2016.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE