BRIAN M. BERLINER (S.B. #156732)
bberliner@omm.com
JORDAN RAPHAEL (S.B. #252344)
jraphael@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California  90071-2899
Telephone:  (213) 430-6000
Facsimile:   (213) 430-6407

TIM BYRON (S.B. #277569)
tbyron@omm.com
JESSE J. KOEHLER (S.B. #300530)
jkoehler@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California 94111
Telephone:  (415) 984-8700
Facsimile:   (415) 984-8701

Attorneys for Defendants
MILLENNIUM PRODUCTS, INC. and
COCOKEFIR LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIFEWAY FOODS, INC., <br><br> Plaintiff, <br><br> v. <br><br> MILLENNIUM PRODUCTS, INC., d/b/a GT'S KOMBUCHA / SYNERGY DRINKS; and COCOKEFIR LLC, <br><br> Defendants. | Case No. 2:16-cv-07099-R-JEM <br><br> **DEFENDANTS' OBJECTIONS TO PLAINTIFF'S REPLY BRIEF IN SUPPORT OF AMENDED MOTION FOR PRELIMINARY INJUNCTION** <br><br> Judge:  Hon. Manuel L. Real <br><br> Hearing Date:  November 7, 2016 <br><br> Complaint Filed:  September 21, 2016 <br><br> Trial Date:  Not Set |

It is black-letter law that a movant may not raise new arguments or submit new evidence in a reply brief. *See* ECF No. 17 at 25 n.13 (citing *Sali v. Univ. Health Servs. of Rancho Springs, Inc.*, No. CV 14-985 PSG, 2015 WL 12656937, at *11 (C.D. Cal. June 3, 2015)). The reason for this rule is obvious: it denies the other side an opportunity to respond. Lifeway has ignored this rule. Its reply relies on several new arguments, which Lifeway attempts to support with nearly one hundred pages of untimely documentary evidence—much of which is also incomplete and highly misleading. Defendants respectfully request that the Court not consider the following arguments and evidence:

***1. Lifeway's new "evidence" that CocoKefir "appeared to be going out of business."*** Defendants demonstrated in their opposition that Lifeway's allegation that CocoKefir "disappeared from the market" shortly after receiving a 2011 warning letter from the FDA (*see* ECF No. 12-1 at 9) was not just unsupported, but easily refuted via public, readily available material like CocoKefir's Facebook page and Twitter feed. ECF No. 17 at 4-8.[1] Lifeway's reply evidence, which focuses exclusively on 2016, is irrelevant to Lifeway's earlier allegation that CocoKefir disappeared from the market five years earlier. This evidence also suffers from many other defects:

- **YouTube screenshot excerpt (ECF No. 26-2, Ex. 4).** Defendants object under Rules 602, 802, 401, and 403 of the Federal Rules of Evidence. This exhibit is incomplete and highly misleading. Rather than submit the complete and accurate printout of this YouTube page, Lifeway provides only a small portion of it:

---

[1] Lifeway's response to Defendants' argument that Lifeway's claims are time-barred is addressed in greater detail in Defendants' Motion to Dismiss, which Defendants file concurrently with these objections.

YouTube Video Page (10/27/2016) 

Lifeway's Excerpt (ECF No. 26-2 Ex. 4) 

The reason Lifeway submitted this incomplete excerpt is clear—the complete page ***directly refutes Lifeway's meritless allegation that consumers believe "kefir" must be made from dairy milk***. The right column of the YouTube page includes several videos—many with more than 100,000 views—wherein users use "kefir" to refer to non-dairy drinks:



- **CocoKefir Facebook page excerpt (ECF No. 26-4 Ex. 2).** Defendants object under FRE 106, 602, 401, and 403. This exhibit is incomplete and highly misleading; Defendants respectfully direct the Court to the more thorough printout of the CocoKefir Facebook page submitted by Defendants with their opposition. *See* ECF No. 17-3, Ex L. As Defendants' opposition and supporting documents make clear, when Millennium purchased CocoKefir earlier this year, Defendants moved their manufacturing facility out of Minnesota, leading to a temporary shutdown of production and distribution. *See* ECF No. 17-3, Ex. L at 52. Indeed, Defendants announced on Facebook that "when we come back, ***we will eventually have even more capacity and greater reach around the country***." *Id.* (emphasis added).

- **CocoKefir website (ECF No. 26-4 Ex. 3).** Defendants object under FRE 401 and 403. This exhibit, which purports to show that the CocoKefir website was inaccessible on October 24, 2016, is completely irrelevant to Lifeway's allegation that CocoKefir "disappeared from the market" in or around 2011; the current temporary shutdown of Defendants' website is merely a predictable by-product of Millennium's acquisition of the brand and its incorporation of the CocoKefir product and branding into Millennium's existing brand identity.

*2. Lifeway's arguments and evidence regarding irreparable harm.* When the Court denied Lifeway's ex parte application for a temporary restraining order, it specifically noted that Lifeway had failed to make the required showing of irreparable harm. ECF No. 9 at 2-3. Yet despite this clear guidance from the Court, Lifeway failed to submit any evidence of irreparable harm with its amended motion. *See* ECF No. 12-1; ECF No. 17 at 22-25. In its reply (*see* ECF No. 26 at 11-13), Lifeway attempts to fill this gap with untimely, improper evidence:

- **Statements by Derek Miller regarding Lifeway's business (ECF No. 26-3 ¶¶ 1-7, 9, 15).** Defendants object under Rules 602, 401, and 403 of the Federal Rules of Evidence. Mr. Miller's statements about the investments Lifeway has made generally in promotion are irrelevant to irreparable harm, which requires more than evidence that "the plaintiff has invested resources in developing its brand" coupled with allegations "that the alleged infringing conduct is denying the plaintiff the benefit of its investment." *Hanginout, Inc. v. Google, Inc.*, 54 F. Supp. 3d 1109, 1133 (S.D. Cal. 2014).

- **Statements by Mr. Miller regarding CocoKefir (ECF No. 26-3 ¶¶ 8-11).** Defendants object under FRE 602, 802, 401, and 403. Not only does Mr. Miller lack personal knowledge to testify about Defendants' plans for CocoKefir, Mr. Miller's suggestion of potential market loss is insufficient, as such claims must be supported by evidence that market loss ***has occurred***,

not merely "speculation that such losses might occur." *Open Text, S.A. v. Box, Inc.*, 36 F. Supp. 3d 885, 907-08 (N.D. Cal. 2014).

- **Excerpts of Lifeway's SEC filings (ECF No. 26-2, Ex. 5 at 10-52).** Defendants object under FRE 602, 802, 401, and 403. This exhibit is noticeably incomplete—Lifeway's attorney identifies it as "selected portions" of ten years' worth of SEC filings. ECF No. 26-1 ¶ 6. Tellingly, Lifeway omits portions of its SEC filings wherein it identifies "risk factors." If, as Lifeway alleges in this action, competitors' use of "kefir" on nondairy products poses a significant risk to Lifeway, Lifeway was obligated to disclose this risk to investors. *See* 17 C.F.R. § 229.503(c). Furthermore, these documents are irrelevant, because as discussed above, evidence of an investment in promotion is insufficient to establish irreparable harm.

*3. Lifeway's new attempt to distinguish Defendants from CocoKefir LLC (Minnesota) and CocoKefir LLC corporate documents (ECF No. 26 at 10, 13 and ECF No. 26-2 Exs. 1 and 2).* Defendants object under FRE 401 and 403. This argument and evidence is irrelevant because it is undisputed that Defendants are the successors-in-interest to CocoKefir LLC (Minnesota), and therefore they may assert the same laches and statute of limitations defenses available to that entity. *See* ECF No. 17 at 13 n.7; *see also Reese v. AT & T Mobility II, LLC*, No. 2:13-CV-05198, 2014 WL 1873046, at *4 (C.D. Cal. May 9, 2014) (dismissing plaintiff's claims against successor-in-interest and noting that "there has never been any magic in a corporate entity"). Indeed, Lifeway's new argument—an eleventh-hour attempt to avoid the fact that Lifeway's claims are time-barred—is directly contradicted by Lifeway's allegations in its Complaint. There, Lifeway alleged that Defendants' CocoKefir product was "*the same product* and *similar label* sold a few years ago by a different CocoKefir LLC, a Minnesota limited liability company that has been renamed TnT Fermented Foods, LLC, *whose products and trademarks Defendants subsequently acquired.*" Compl., ECF No. 1 ¶ 31 (emphasis added).

***4. Lifeway's untimely attempt to waive the bond requirement.*** Federal Rule of Civil Procedure 65(c) provides that a preliminary injunction may issue "***only*** if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained" (emphasis added). If Lifeway wishes to seek waiver of the security requirement, it should do so in a properly noticed motion. *See, e.g.*, *Bowen v. Consol. Elec. Distribs., Inc. Emp. Welfare Benefit Plan*, 461 F. Supp. 2d 1179, 1181 (C.D. Cal. 2006); *Rotroff v. Ahlin*, No. 113-CV-02017-LJO-MJS, 2014 WL 4929429, at *1 (E.D. Cal. Sept. 30, 2014). The Court should reject Lifeway's improper attempt to shift this burden to Defendants.

Dated: October 28, 2016

O'MELVENY & MYERS LLP

By: */s/ Brian M. Berliner*
Brian M. Berliner

Brian M. Berliner (S.B. #156732)
bberliner@omm.com
Jordan Raphael (S.B. #252344)
jraphael@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

Tim Byron (S.B. #277569)
tbyron@omm.com
Jesse J. Koehler (S.B. #300530)
jkoehler@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California 94111
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

Attorneys for Defendants
MILLENNIUM PRODUCTS, INC. and
COCOKEFIR LLC