BRIAN M. BERLINER (S.B. #156732)
bberliner@omm.com
JORDAN RAPHAEL (S.B. #252344)
jraphael@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California  90071-2899
Telephone:  (213) 430-6000
Facsimile:    (213) 430-6407

TIM BYRON (S.B. #277569)
tbyron@omm.com
JESSE J. KOEHLER (S.B. #300530)
jkoehler@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California 94111
Telephone:  (415) 984-8700
Facsimile:    (415) 984-8701

Attorneys for Defendants
MILLENNIUM PRODUCTS, INC. and
COCOKEFIR LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIFEWAY FOODS, INC.,<br><br>                    Plaintiff,<br><br>          v.<br><br>MILLENNIUM PRODUCTS, INC.,<br>d/b/a GT'S KOMBUCHA /<br>SYNERGY DRINKS; and<br>COCOKEFIR LLC,<br><br>                    Defendants. | Case No. 2:16-cv-07099-R-JEM<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Judge:  Hon. Manuel L. Real<br><br>Hearing Date:  December 5, 2016<br><br>Complaint Filed:  September 21, 2016<br><br>Trial Date:  Not Set |

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on Monday, December 5, 2016 at 10:00 a.m., or as soon thereafter as this matter may be heard before the Honorable Manuel L. Real in Courtroom 8 of the above-entitled Court, located at 312 North Spring Street, Los Angeles, California 90012, Defendants Millennium Products, Inc. ("Millennium") and CocoKefir LLC ("CocoKefir") (collectively, "Defendants"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, will and hereby do move the Court to dismiss the Complaint filed by Plaintiff Lifeway Foods, Inc. ("Lifeway"). This motion is made on the grounds that the Complaint fails to state claims for which relief can be granted.

First, all of Lifeway's claims are barred by the doctrines of laches and equitable estoppel, and Lifeway's state law claims are also barred by applicable California statutes of limitations. CocoKefir brand nondairy kefir drinks have been sold and marketed continuously since 2009, and Lifeway does not dispute that it has been aware of the CocoKefir brand since at least 2010 and sent cease-and-desist letters regarding CocoKefir in 2010 and 2012. Lifeway, however, delayed more than six years before commencing suit, and that delay bars all of its claims.

Second, Lifeway's Complaint does not plausibly allege that the CocoKefir brand is false or misleading. "CocoKefir" is a brand name, and this name accurately reflects Defendants' products. Lifeway's allegation that the CocoKefir label falsely suggests that Defendants' products contain dairy milk is implausible on its face—to the contrary, the label unambiguously notifies consumers that it is a nondairy product.

Third, the Complaint's claims premised on an alleged violation of Federal Food, Drug, and Cosmetic Act ("FDCA") labeling requirements fail as a matter of law. Because the FDA has already rejected those allegations, Lifeway is precluded from asserting them in this litigation.

MOTION TO DISMISS COMPLAINT
2:16-CV-07099-R-JEM

1     For at least these reasons, none of which can be cured by amendment, the
2   Complaint should be dismissed with prejudice.  If the Court determines that the
3   issues in this motion are more appropriate for determination on summary judgment,
4   Defendants respectfully request that the Court convert this motion to a motion for
5   summary judgment pursuant to Rule 12(d) of the Federal Rules of Civil Procedure.
6     This motion is based on this Notice of Motion and Motion, the attached
7   Memorandum of Points and Authorities, the Request for Judicial Notice filed with
8   this Motion, the pleadings and papers on file in this action, and any further evidence
9   or argument presented at or before the hearing on this motion.

10      Dated:  October 28, 2016              Respectfully submitted,

11

12                                            O'MELVENY & MYERS LLP

13                                            By:    */s/ Brian M. Berliner*
                                                     Brian M. Berliner
14

15                                            Brian M. Berliner (S.B. #156732)
                                              bberliner@omm.com
16                                            Jordan Raphael (S.B. #252344)
                                              jraphael@omm.com
17                                            O'MELVENY & MYERS LLP
                                              400 South Hope Street
18                                            Los Angeles, California  90071-2899
                                              Telephone:  (213) 430-6000
19                                            Facsimile:   (213) 430-6407

20                                            Tim Byron (S.B. #277569)
                                              tbyron@omm.com
21                                            Jesse J. Koehler (S.B. #300530)
                                              jkoehler@omm.com
22                                            O'MELVENY & MYERS LLP
                                              Two Embarcadero Center, 28th Floor
23                                            San Francisco, California 94111
                                              Telephone:  (415) 984-8700
24                                            Facsimile:   (415) 984-8701

25
                                              Attorneys for Defendants
26                                            MILLENNIUM PRODUCTS, INC. and
                                              COCOKEFIR LLC
27

28

                                    2                    MOTION TO DISMISS COMPLAINT
                                                         2:16-CV-07099-R-JEM

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION .................................................................................. 1

II.   BACKGROUND .................................................................................. 2

III.  ARGUMENT ....................................................................................... 5

    A.    Legal Standard ................................................................. 5

    B.    Lifeway's Claims Are Time-Barred ..................................... 6

        1.    All of Lifeway's Claims Are Barred by Laches ........................ 7

        2.    All of Lifeway's Claims Are Barred by Equitable Estoppel ................................................................. 9

        3.    Lifeway's State Law Claims Are Barred by Statute ............... 10

    C.    The Complaint Does Not Plausibly Allege That CocoKefir Is False or Misleading ................................................................. 11

    D.    Lifeway's Claim That CocoKefir Violates Federal Labeling Requirements Is Precluded .................................................... 14

    E.    Lifeway Should Not Be Granted Leave to Amend ........................... 15

IV.  CONCLUSION .................................................................................. 16

# TABLE OF AUTHORITIES

Page

## CASES

*A.C. Aukerman Co. v. R. L. Chaides Constr. Co.*,
  960 F.2d 1020 (Fed. Cir. 1992) ............................................................8

*Ang v. Whitewave Foods Co.*,
  No. 13-cv-1953, 2013 WL 6492353
  (N.D. Cal. Dec. 10, 2013) .............................................................1, 13

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ..............................................................................6

*Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*,
  605 F.3d 1305 (Fed. Cir. 2010) ......................................................9, 10

*Baby Trend, Inc. v. Playtex Prods., LLC*,
  No. 5:13-cv-647-ODW(RZx), 2013 WL 4039451
  (C.D. Cal. Aug. 7, 2013) ........................................................6, 7, 8, 16

*Balistreri v. Pacifica Police Dep't*,
  901 F.2d 696 (9th Cir.1990) ..................................................................5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ..........................................................................5, 12

*Boys Town, U.S.A., Inc. v. World Church*,
  349 F.2d 576 (9th Cir. 1965) ...............................................................11

*Buckman Co. v. Plaintiffs' Legal Comm.*,
  531 U.S. 341 (2001) .............................................................................14

*Conopco, Inc. v. Campbell Soup Co.*, 95 F.3d 187 (2d Cir. 1996) ............8

*Eat Right Foods, Ltd. v. Whole Foods Mkt., Inc.*,
  No. C13-2174RSM, 2015 WL 2345183
  (W.D. Wash. May 14, 2015) ...................................................................8

*E-Fab, Inc. v. Accountants, Inc. Servs.*,
  153 Cal. App. 4th 1308 (2007) .............................................................11

*Ellsworth v. U.S. Bank, N.A.*,
  908 F. Supp. 2d 1063 (N.D. Cal. 2012) ..............................................4, 6

*Enel Co. v. Schaefer*,
  No. 12-CV-1369-IEG WMC, 2013 WL 5504434
  (S.D. Cal. Oct. 2, 2013) .........................................................................9

*Fitbug Ltd. v. Fitbit, Inc.*,
  78 F. Supp. 3d 1180 (N.D. Cal. 2015) ...................................................8

*Free Kick Master LLC v. Apple Inc.*,
  No. 15-CV-3403-PJH, 2016 WL 777916 (N.D. Cal. Feb. 29, 2016) .................6

ii

**TABLE OF AUTHORITIES**
(continued)

Page

*Gitson v. Trader Joe's Co.*,
  No. 13-cv-01333-VC, 2015 WL 9121232 (N.D. Cal. Dec. 1, 2015) ..................14

*Jarrow Formulas, Inc. v. Nutrition Now, Inc.*,
  304 F.3d 829 (9th Cir. 2002) ...........................................................................7, 8

*Jensen v. W. Irrigation & Mfg., Inc.*,
  650 F.2d 165 (9th Cir. 1980) ..................................................................................9

*JHP Pharm., LLC v. Hospira, Inc.*,
  52 F. Supp. 3d 992 (C.D. Cal. 2014) ....................................................................14

*Jolly v. Eli Lilly & Co.*,
  44 Cal. 3d 1103 (1988) .........................................................................................10

*Kwan Software Eng'g, Inc. v. Foray Techs., LLC*,
  No. C 12-03762 SI, 2014 WL 572290 (N.D. Cal. Feb. 11, 2014) .....................11

*Lopez v. Smith*,
  203 F.3d 1122 (9th Cir. 2000) ..............................................................................15

*Miller v. Glenn Miller Prods., Inc.*,
  454 F.3d 975 (9th Cir. 2006) ..................................................................................7

*Morley v. Walker*,
  175 F.3d 756 (9th Cir. 1999) ..................................................................................6

*Munchkin, Inc. v. Playtex Prods., LLC*,
  No. CV 11-00503 AHM (RZx), 2011 WL 2174383
  (C.D. Cal. Apr. 11, 2011) .....................................................................................11

*Radio Sys. Corp. v. Lalor*,
  709 F.3d 1124 (Fed. Cir. 2013) ............................................................................10

*Reese v. AT&T Mobility II, LLC*,
  No. 2:13–CV–05198–ODW, 2014 WL 1873046
  (C.D. Cal. May 9, 2014) ..........................................................................................9

*Ries v. Ariz. Beverages USA LLC*,
  287 F.R.D. 523 (N.D. Cal. 2012) .........................................................................10

*Saterbak v. Nat'l Default Servicing Corp.*,
  No. 15CV956-WQH-BGS, 2016 WL 4430922
  (S.D. Cal. Aug. 22, 2016) .....................................................................................11

*Schreiber Distrib. Co. v. ServWell Furniture Co.*,
  806 F.2d 1393 (9th Cir. 1986) ..............................................................................15

*Sensible Foods, LLC v. World Gourmet, Inc.*,
  No. 11-2819 SC, 2012 WL 566304 (N.D. Cal. Feb. 21, 2012) ...........................12

MOTION TO DISMISS COMPLAINT
2:16-CV-07099-R-JEM

1

## TABLE OF AUTHORITIES
### (continued)

2

3

**Page**

4
*Silk v. Metro. Life Ins. Co.*,
   477 F. Supp. 2d 1088 (C.D. Cal. 2007)................................................2

5
*Southland Sod Farms v. Stover Seed Co.*,
   108 F.3d 1134 (9th Cir. 1997)......................................................11

6

7
*Trs. of Bos. Univ. v. Everlight Elecs. Co.*,
   No. CV 12-11935-PBS, 2016 WL 1676543
   (D. Mass. Apr. 26, 2016)...........................................................9

8

9
*Ultimax Cement Mfg. Corp. v. CTS Cement Mfg. Corp.*,
   856 F. Supp. 2d 1136 (C.D. Cal. 2012)..........................................9, 10

10
*Yumul v. Smart Balance, Inc.*,
   733 F. Supp. 2d 1117 (C.D. Cal. 2010).............................................10

11

## STATUTES

12

13
21 U.S.C. § 337(a) ...................................................................14

14
21 U.S.C. § 341 ......................................................................15

15
Cal. Bus. & Prof. Code § 17208 ......................................................10

Cal. Civ. Proc. Code § 338 ..........................................................10

16

## RULES

17

18
Fed. R. Civ. P. 12(b)(6) ..............................................................5

Fed. R. Civ. P. 12(d) ................................................................2

19

## REGULATIONS

20

21
21 C.F.R. § 101.3(b) .................................................................15

21 C.F.R. §§ 130–169 ................................................................15

22

23

24

25

26

27

28

iv

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Lifeway commenced this action in an attempt to shut down a competing brand—CocoKefir—after seven years of sales, promotion, and investment by Defendants.  For at least three reasons, Lifeway's Complaint fails to state a claim upon which relief can be granted and should be dismissed with prejudice.

First, Lifeway's claims are time-barred.  All three claims are barred by the doctrines of laches and equitable estoppel; Lifeway's state law claims are additionally barred by applicable California statutes of limitations.  CocoKefir brand drinks have been sold and marketed continuously since 2009, and Lifeway does not dispute that it has been aware of the CocoKefir brand since at least 2010.  Indeed, the Complaint neglects to mention that in 2010 and 2012, Lifeway sent letters to CocoKefir making the same unfounded allegations of false advertising and unfair competition that are in this suit.  CocoKefir firmly rebuffed those accusations both times, making clear to Lifeway that it would continue to use the CocoKefir brand.  Because Lifeway has known of the CocoKefir brand since at least 2010 and delayed more than six years before commencing suit, all of its claims are barred.

Second, the Complaint does not plausibly allege that Defendants' use of the term "CocoKefir" is false or misleading.  Defendants use "CocoKefir" as a brand name, and this brand name accurately describes Defendants' coconut-based, non-dairy kefir products.  The CocoKefir label does not suggest that Defendants' products contain milk.  To the contrary, the label unambiguously notifies consumers that it is a nondairy product: it prominently states the product is "living coconut water" and "Vegan" (free of animal products); and the ingredients list "young coconut water" and "probiotic cultures" and no dairy products.  In view of this these clear indications of CocoKefir's ingredients,  it is "simply implausible" that a consumer would mistake CocoKefir for a product made "with dairy milk from a cow." *Ang v. Whitewave Foods Co.*, No. 13-cv-1953, 2013 WL 6492353, at

MOTION TO DISMISS COMPLAINT
2:16-CV-07099-R-JEM

*4-5 (N.D. Cal. Dec. 10, 2013) (rejecting as implausible plaintiff's allegation that consumers would mistake defendants' soy milk products for dairy products).

Third, the Complaint's claims premised on alleged violations of Federal Food, Drug, and Cosmetic Act ("FDCA") labeling requirements also fail as a matter of law—the FDA has already rejected those allegations, and that rejection precludes Lifeway from asserting them here.

For at least these reasons, none of which can be cured by amendment, the Complaint should be dismissed with prejudice.[1]

## II.   BACKGROUND

This case is about kefir—a "starter of yeast and lactic acid bacteria" that is used to ferment liquids.  ECF No. 1 ¶¶ 7, 16.  Defendants make and sell fermented coconut water drinks under the brand CocoKefir. *Id*. ¶¶ 1, 20-21.  CocoKefir brand drinks have been sold and marketed continuously since 2009.[2] ECF No. 17-6 at 2, 35-36; *see* Request for Judicial Notice in Support of Defendants' Motion to Dismiss Complaint ("RJN") at 3.  Plaintiff Lifeway is a producer of dairy-based cultured milk products, which it markets using the term "kefir."  ECF No. 1 ¶¶ 2, 14.

Lifeway contends that Defendants' CocoKefir nondairy kefir drinks "misleadingly suggest[]" that they are "made from fermented milk." *Id*. ¶ 1.  An example of Defendants' CocoKefir coconut water drinks is shown below:

---

[1] If the Court determines that the issues in this motion are more appropriate for determination on summary judgment, Defendants respectfully request that the Court convert this motion to a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *Silk v. Metro. Life Ins. Co.,* 477 F. Supp. 2d 1088, 1091 (C.D. Cal. 2007) (court may convert motion to dismiss to motion for summary judgment if movant requests the court do so in its motion to dismiss).

[2] This fact was readily ascertainable by Lifeway when it filed the Complaint and was not disputed by Lifeway in its reply in support of its motion for preliminary injunction.  *See* ECF No. 17-3; ECF No. 17-4 at 2-51; ECF No. 26; *see* RJN at 4-5.

MOTION TO DISMISS COMPLAINT
2:16-CV-07099-R-JEM



*Id.* ¶ 20.

Lifeway has been aware of the CocoKefir brand since at least 2010, and viewed it as "a competitive threat."  ECF No. 6-2 ¶ 3; *see* RJN at 3-4.  Indeed, on June 3, 2010, less than one year after CocoKefir was launched, Lifeway sent CocoKefir a cease-and-desist letter.[3]  ECF No. 17-1 ¶ 10, ECF No. 17-4, Ex. Q.

---

[3] The 2010 and 2012 correspondence between Lifeway and CocoKefir is discussed in Defendants' opposition to Lifeway's motion for preliminary injunction and was submitted with Defendants' opposition brief.  ECF No. 17 at 5-8; ECF No. 17-4 at 95-98; ECF No. 17-5 at 1-10.  Lifeway does not dispute the authenticity of these letters, the fact that Lifeway sent them, or the fact that CocoKefir promptly responded to them.  *See* ECF No. 26 at 7-10.  The Court may therefore consider

MOTION TO DISMISS COMPLAINT
2:16-CV-07099-R-JEM

1   Lifeway contended that the term "kefir" could only be used on dairy products and

2   that CocoKefir's use of the word "kefir" on a nondairy product constituted false

3   advertising.  ECF No. 17-4, Ex. Q.  Lifeway demanded that CocoKefir

4   "immediately cease and desist from use of the word 'kefir' as well as any other

5   confusingly similar terms," and threatened "to take any and all such action as

6   necessary" if CocoKefir did not comply.  *Id.*

7       CocoKefir promptly responded to Lifeway's letter on June 7, 2010.  ECF No.

8   17-1 ¶ 11, ECF No. 17-5, Ex. R.  CocoKefir noted that the FDA (by Lifeway's own

9   admission) had not adopted a standard of identity for kefir, and that kefir "is

10  commonly understood as a probiotic culture and not as a term specific to milk-

11  based beverages."  ECF No. 17-5, Ex. R.  CocoKefir told Lifeway its claims of

12  false advertising and unfair competition were "baseless" and that, as a result,

13  CocoKefir would not cease and desist using "kefir" on its labeling and in its

14  communication materials.  *Id.*

15      On October 2, 2012, after nearly sixteen months of silence, Lifeway again

16  wrote to CocoKefir.  ECF No. 17-1 ¶¶ 12-13, ECF No. 17-5, Ex. S.  This letter

17  mirrored Lifeway's June 3, 2010 letter nearly word-for-word and ignored

18  CocoKefir's June 7, 2010 response.   ECF No. 17-5, Ex. S.  It concluded with the

19  same cease-and-desist demand and threat "to take any and all such action as

20  necessary" if CocoKefir did not comply.  *Id.*

21      CocoKefir co-founder Michael Larsen again promptly responded on October

22  10, 2012.  ECF No. 17-1 ¶ 14, ECF No. 17-5, Ex. T.  In his response, Mr. Larsen

23  noted the duplicative nature of Lifeway's letter and again responded that Lifeway's

24  claims were baseless and that CocoKefir would not cease and desist using the term

25  "kefir."  ECF No. 17-5, Ex. T.  Lifeway did not respond.  ECF No. 17-1 ¶ 15.

26

27

28  these undisputed facts.  *See Ellsworth v. U.S. Bank, N.A.*, 908 F. Supp. 2d 1063,
    1083 (N.D. Cal. 2012).

MOTION TO DISMISS COMPLAINT
2:16-CV-07099-R-JEM

Lifeway commenced this lawsuit on September 21, 2016. ECF No. 1. In its Complaint, Lifeway asserts three claims: (1) false advertising and unfair competition under the Lanham Act; (2) unfair competition under Cal. Bus. & Prof. Code § 17200, and (3) false advertising under Cal. Bus. & Prof. Code § 17500. ECF No. 1 ¶¶ 45-75. Lifeway's claims are premised on the assertion that "kefir" products must include dairy milk, and therefore CocoKefir, a dairy-free product, is falsely advertised. *Id.*

Lifeway also filed an *ex parte* application for temporary restraining order or alternatively a preliminary injunction on September 21, 2016. ECF No. 6. Lifeway alleged that Defendants planned to "launch" CocoKefir and "aggressively advertise" it at 2016 Expo East, a trade show occurring from September 22-24, 2016.[4] *Id.* at 21. The Court denied Lifeway's *ex parte* application, writing that it was "not convinced that allowing Defendant to launch the product at the Expo East Natural Foods trade show will irreparably harm Plaintiff." ECF No. 9 at 2. It set a hearing on Lifeway's motion for preliminary injunction for November 7, 2016. *Id.* Lifeway's motion for preliminary injunction is now fully briefed.

## III.   **ARGUMENT**

### A.   **Legal Standard**

A defendant may challenge a claim through a motion to dismiss when a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1990). Under Rule 12(b)(6), the court should dismiss a complaint that is not "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The determination

---

[4] As discussed in Defendants' opposition to Lifeway's motion for preliminary injunction, Defendants had no such plans. *See* ECF No. 17 at 7-8. Lifeway has seemingly abandoned this allegation in its subsequent briefing. *See* ECF No. 12-1; ECF No. 26.

1    of "whether a complaint states a plausible claim for relief" is "a context-specific

2    task that requires the reviewing court to draw on its judicial experience and

3    common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Dismissal is

4    appropriate where "the plaintiff can prove no set of facts that would entitle it to

5    relief." *Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

6          An affirmative defense may be raised on a motion to dismiss "if the defense

7    is based on undisputed facts or if the basis for the argument appears on the face of

8    the complaint and any materials the court takes judicial notice of." *Ellsworth*, 908

9    F. Supp. 2d  at 1083.  In particular, courts in this district have granted motions to

10   dismiss on false advertising claims due to laches where the plaintiff "sat silent"

11   beyond the applicable three-year statute of limitations.  *See, e.g.*, *Baby Trend, Inc.*

12   *v. Playtex Prods., LLC*, No. 5:13-cv-647-ODW(RZx), 2013 WL 4039451, at *1, 5

13   (C.D. Cal. Aug. 7, 2013) (dismissing Lanham Act false advertising claim as barred

14   by laches based on five-year delay); *Free Kick Master LLC v. Apple Inc.*, No. 15-

15   CV-3403-PJH, 2016 WL 777916, at *8 (N.D. Cal. Feb. 29, 2016) (granting motion

16   to dismiss Lanham Act claim on laches grounds).

17        **B.    Lifeway's Claims Are Time-Barred**

18        Lifeway has known about the CocoKefir brand since at least 2010.  Lifeway

19   admits that the CocoKefir product at issue in this lawsuit is "the same or

20   substantially similar product as the 'CocoKefir' product" it knew of then,

21   "including the brand name."  ECF No. 6-2 ¶ 5; *see* RJN at 3-4.  Since then, the

22   CocoKefir brand name has prominently appeared on Defendants' products.  ECF

23   No. 17-4 at 89-94; ECF No. 17-5 at 21-30; *see* RJN at 1-3.  Because Lifeway sat on

24   its claims for six years, all of its claims are barred by the doctrines of laches and

25   equitable estoppel, and Lifeway's state law claims are also expressly barred by

26   applicable statutes of limitations.  Lifeway's claims should therefore be dismissed

27   with prejudice.

28

MOTION TO DISMISS COMPLAINT
2:16-CV-07099-R-JEM

1.   <u>All of Lifeway's Claims Are Barred by Laches</u>

"Laches is an equitable time limitation on a party's right to bring suit" that "rest[s] on the maxim that one who seeks the help of a court of equity must not sleep on his rights." *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 835 (9th Cir. 2002) (quotation marks omitted).  Laches applies to both Lanham Act false advertising claims and related state law claims.  *Id*. at 842-43.  To determine whether laches applies, courts look to the most analogous statute of limitations—"if any part of the alleged wrongful conduct occurred outside of the limitations period, courts presume that the plaintiff's claims are barred."  *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 997 (9th Cir. 2006).  In the context of a Lanham Act claim for false advertising, the analogous limitations period is three years.  *Jarrow*, 304 F.3d at 838.

*Jarrow* is directly on point here.  In *Jarrow*, the plaintiff and the defendant competed in the sale of probiotic supplements.  *Id*. at 832.  The plaintiff accused the defendant of making false and misleading claims in its product labeling and literature.  *Id.*  The defendant continued to make the same claims and leave its product labels unchanged.  *Id.*  Despite its threat of litigation, the plaintiff waited more than six years to file suit, ultimately bringing the same three claims Lifeway asserts against Defendants in this case (*i.e.*, a Lanham Act false advertising claim and § 17200 and § 17500 claims).  *Id*. at 832-33.  The Ninth Circuit found that laches barred all of the plaintiff's claims, including its claims for prospective injunctive relief.  *Id*. at 839-40, 842-43.

Here, laches is presumed to apply because Lifeway commenced this action more than three years after learning of the complained-of CocoKefir brand in 2010.  *Jarrow*, 304 F.3d at 837-38; *Baby Trend*, 2013 WL 4039451, at *3.  Indeed, as in *Jarrow*, Lifeway's six-year delay is "more than double the time available to file suit under the analogous limitations period."  304 F.3d at 839.  Numerous courts evaluating a laches defense have held that such a delay is unreasonable.  *E.g., Baby*

1   *Trend*, 2013 WL 4039451, at *1, 5 (five-year delay unreasonable); *Fitbug Ltd. v.*

2   *Fitbit, Inc.,* 78 F. Supp. 3d 1180, 1193-95 (N.D. Cal. 2015) (four-year delay

3   unreasonable); *Eat Right Foods, Ltd. v. Whole Foods Mkt., Inc.*, No. C13-

4   2174RSM, 2015 WL 2345183, *5 (W.D. Wash. May 14, 2015) (three-year delay

5   unreasonable).  Furthermore, Lifeway recites no facts in the Complaint that would

6   rebut this presumption—Lifeway does not a provide a basis for the Court to

7   conclude that its delay was reasonable or unlikely to result in prejudice to

8   Defendants.  *See A.C. Aukerman Co. v. R. L. Chaides Constr. Co.*, 960 F.2d 1020,

9   1037 (Fed. Cir. 1992) (unreasonable delay and prejudice "must be inferred, absent

10   rebuttal evidence").

11           Moreover, Defendants will suffer enormous prejudice from Lifeway's

12   inexcusable delay if the suit were to proceed.  Defendants have dedicated seven

13   years and significant resources promoting their CocoKefir brand and name, making

14   it a "central part" of their product identity.  *Jarrow,* 304 F.3d at 839-40.  Where, as

15   here, a plaintiff stands idly by for years and then tries to make the defendant

16   "abandon its long-term investment in its [product] presentation" to the public,

17   courts routinely find prejudice sufficient for the laches doctrine to apply.  *Id*. at 840;

18   *see also Eat Right Foods,* 2015 WL 2345183, at *6; *Conopco, Inc. v. Campbell*

19   *Soup Co.*, 95 F.3d 187, 192 (2d Cir. 1996).

20           In its reply in support of its motion for preliminary injunction, Lifeway

21   argued that laches should not apply because the entity that it sent demand letters to

22   in 2010 and 2012, a "CocoKefir LLC" incorporated under the laws of Minnesota, is

23   a different legal entity than the CocoKefir LLC entity it sued in this action.  ECF

24   No. 26 at 7-11.  This argument is meritless—it is undisputed that Defendants are

25   successors-in-interest to the Minnesota entity Lifeway accused of false advertising

26   in 2010 and 2012.  One need look no further than Lifeway's own Complaint to

27   establish this:  the Complaint alleges that Defendants "subsequently acquired" the

28   Minnesota entity's "products and trademarks."  ECF No. 1 ¶ 31.  Indeed, Lifeway

MOTION TO DISMISS COMPLAINT
2:16-CV-07099-R-JEM

alleges "that Defendants' 'CocoKefir' is the **same product** and **similar label** sold a few years ago **by a different CocoKefir LLC**." *Id*. (emphasis added).  And equitable defenses, including laches and equitable estoppel, are available to successors-in-interest. *See Reese v. AT&T Mobility II, LLC*, No. 2:13–CV–05198–ODW, 2014 WL 1873046, at *4 (C.D. Cal. May 9, 2014); *Trs. of Bos. Univ. v. Everlight Elecs. Co.*, No. CV 12-11935-PBS, 2016 WL 1676543, at *5 (D. Mass. Apr. 26, 2016).  In *Reese*, the court summarily rejected the plaintiff's argument that the defendant "must independently show entitlement to a laches defense" because it was "a different legal entity" than the entity to which the plaintiff had sent demand letters.  2014 WL 1873046, at *4.  The court noted that the plaintiff's argument, if accepted, would "exalt form over substance," and the court remarked that "[t]here has never been any magic in a corporate entity." *Id*. at *4-5; *see also Enel Co. v. Schaefer*, No. 12-CV-1369-IEG WMC, 2013 WL 5504434, at *6 (S.D. Cal. Oct. 2, 2013) (finding claims against successor-in-interest barred by laches).

## 2.   All of Lifeway's Claims Are Barred by Equitable Estoppel

Lifeway's claims are also barred by the doctrine of equitable estoppel, which applies where (1) a plaintiff knew of a claim, (2) a plaintiff's action or failure to act led defendant to believe the plaintiff would not enforce the claim, and (3) the defendant relied on plaintiff's action or inaction to its detriment. *See Ultimax Cement Mfg. Corp. v. CTS Cement Mfg. Corp*., 856 F. Supp. 2d 1136, 1155-56 (C.D. Cal. 2012) ("inaction" or "silence" may constitute conduct that leads the defendant to "reasonably infer that [the plaintiff] does not intend to enforce [its rights]").  The first element is beyond dispute—Lifeway knew of its claims against CocoKefir by 2010.  The second element is also clearly met.  Where a claimant threatens a defendant "with prompt enforcement . . . and then does nothing," the defendant may reasonably conclude that "the objection has been abandoned." *Jensen v. W. Irrigation & Mfg., Inc.*, 650 F.2d 165, 169 (9th Cir. 1980); *Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*, 605 F.3d 1305, 1310-14 (Fed. Cir. 2010).

The third element—detrimental reliance—also is met.  As explained above, CocoKefir invested years of time, money, and effort into building its company around the CocoKefir brand, and Millennium acquired CocoKefir in reliance on the fact that Lifeway had abandoned its allegations.  This is classic detrimental reliance.  *E.g.*, *Ultimax*, 856 F. Supp. 2d at 1156 (defendants spent time "developing, marketing, and selling" a product while "relying on Plaintiffs' apparent decision" not to sue); *Aspex*, 605 F.3d at 1312 (equitable estoppel where defendant developed its business in reliance on plaintiff's silence after letters).

As with laches, Lifeway cannot contend that the fact that it sent demand letters to a different CocoKefir entity affects Defendants' equitable estoppel defense—the law is clear that "equitable estoppel applies to successors-in-interest where privity has been established."  *Radio Sys. Corp. v. Lalor*, 709 F.3d 1124, 1131 (Fed. Cir. 2013).  Privity is clearly satisfied here, as it is undisputed that Defendants acquired the CocoKefir brand and product.

### 3.   Lifeway's State Law Claims Are Barred by Statute

Lifeway's state law unfair competition claim under § 17200 (Count 2 of the Complaint) is subject to a four-year statute of limitations.  Cal. Bus. & Prof. Code § 17208.  Lifeway's state law false advertising claim under § 17500 (Count 3 of the Complaint) is subject to a three-year statute of limitations.  *See* Cal. Civ. Proc. Code § 338.  *See also Yumul v. Smart Balance, Inc*., 733 F. Supp. 2d 1117, 1130 (C.D. Cal. 2010); *Free Kick Master*, 2016 WL 777916, at *8.  Under California law, the limitations period runs when a plaintiff "is put on inquiry notice: when the circumstances would lead a reasonable person to suspect wrongdoing."  *Ries v. Ariz. Beverages USA LLC*, 287 F.R.D. 523, 534 (N.D. Cal. 2012); *Jolly v. Eli Lilly & Co*., 44 Cal. 3d 1103, 1110-11 (1988).

Here, Lifeway does not dispute that it had actual knowledge of the CocoKefir brand in 2010.  Because it delayed more than six years in bringing this action, both state law claims are statutorily barred.  And Lifeway cannot contend that any tolling

MOTION TO DISMISS COMPLAINT
2:16-CV-07099-R-JEM

1    of or exception to these statutes applies.  As the plaintiff, it bears the burden to

2    "allege that [its] claims fall within the applicable statute of limitations or survive

3    based on an exception to limitations period." *Saterbak v. Nat'l Default Servicing*

4    *Corp.*, No. 15CV956-WQH-BGS, 2016 WL 4430922, at *7 (S.D. Cal. Aug. 22,

5    2016); *E-Fab, Inc. v. Accountants, Inc. Servs.*, 153 Cal. App. 4th 1308, 1319

6    (2007).  Lifeway's Complaint recites no such allegations.  Because it delayed more

7    than six years in bringing this action, both state law claims are statutorily barred.[5]

8        C.    **The Complaint Does Not Plausibly Allege That CocoKefir Is False**

9              **or Misleading**

10       Even if Lifeway had timely commenced this action, its claims would still fail

11   as a matter of law.  On its Lanham Act claim, Lifeway must demonstrate (1) a false

12   or misleading statement by Defendants, (2) the statement actually deceived or has a

13   likelihood of deceiving a "substantial segment" of consumers, (3) the alleged

14   deception is material, (4) Defendants caused their statement to enter interstate

15   commerce, and (5) Lifeway has been or is likely to be injured as a result of

16   Defendants' statement.  *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134,

17   1139 (9th Cir. 1997); *Munchkin, Inc. v. Playtex Prods., LLC*, No. CV 11-00503

18   AHM (RZx), 2011 WL 2174383, at *3 (C.D. Cal. Apr. 11, 2011).  Lifeway's state

19   law claims are "substantially congruent" to its Lanham Act claim.  *Kwan Software*

20   *Eng'g, Inc. v. Foray Techs., LLC*, No. C 12-03762 SI, 2014 WL 572290, at *3

21   (N.D. Cal. Feb. 11, 2014).

22       As an initial matter, Lifeway's claims are premised on a wholly unsupported

23   allegation that the term "kefir" refers to a "dairy product" and that "[g]enuine Kefir

24

25       [5] As with Defendants' equitable defenses, it is of no moment that Lifeway sent
     its 2010 and 2012 letters to Defendants' predecessor-in-interest because defendants
26   may assert the statute of limitations defenses of their predecessors-in-interest where
     privity is satisfied.  *Boys Town, U.S.A., Inc. v. World Church*, 349 F.2d 576, 579
27   (9th Cir. 1965) ("[W]here there is a privity between the party who could, if sued,
     plead the statute and the party offering to plead it, the latter may plead it to save his
28   property").  As discussed above, it is beyond dispute that privity is satisfied here.

cannot be made from the non-dairy 'milk' or 'water' of plants, whether coconuts or otherwise." ECF No. 1 ¶¶ 8-9. Lifeway's allegation is contradicted by its own cited evidence: as discussed below, the FDA has never defined "kefir" to be a dairy product. Because Lifeway does not allege facts plausibly supporting this allegation, its Complaint should be dismissed. *See Sensible Foods, LLC v. World Gourmet, Inc.*, No. 11-2819 SC, 2012 WL 566304, at *6 & n.7 (N.D. Cal. Feb. 21, 2012) (noting that plaintiff's conclusory allegations of false advertising were "conclusions of law" and "not entitled to the presumption of truth").

    Even if the Court were to accept this conclusory allegation, there would still be no false statement because "CocoKefir" accurately describes Defendants' coconut-based kefir beverage, and its ingredients (*e.g.*, young coconut water and probiotic cultures) are properly labeled. Likewise, the allegation that the CocoKefir brand "misleadingly suggests" that Defendants' products are "made from fermented milk," ECF No. 1 ¶ 1, is not "plausible on its face." *Twombly*, 550 U.S. at 570. Indeed, a single look at the CocoKefir label unambiguously notifies consumers that it is a nondairy product: (1) the term "Coco" in the brand name refers to the coconut water base of the kefir; (2) the term "Kefir" in the brand name draws attention to the kefir grains from which the product is made; (3) the label states "living coconut water," again highlighting its nondairy base; (4) the product is labeled "Vegan" (*i.e.*, containing no products of animal origin); and (5) the ingredients list "young coconut water" and "probiotic cultures" and no dairy products.

MOTION TO DISMISS COMPLAINT
2:16-CV-07099-R-JEM

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19



20  ECF No. 1 ¶ 20.

21       Given the numerous clear terms communicating that CocoKefir is ***not*** a dairy

22  product, "it is simply implausible that a reasonable consumer would mistake" it for

23  a product made "with dairy milk from a cow."  *Ang*, 2013 WL 6492353, at *4-5

24  (granting motion to dismiss because claim that "a reasonable consumer might

25  confuse plant-based beverages such as soymilk or almond milk for dairy milk,

26  because of the use of the word 'milk'. . . stretche[d] the bounds of credulity");

27  *Gitson v. Trader Joe's Co.*, No. 13-cv-01333-VC, 2015 WL 9121232, at *2 (N.D.

28

1    Cal. Dec. 1, 2015) (holding that "it is implausible that the use of the word 'soymilk'

2    misleads any consumer into believing the product comes from a cow").

3        **D.**    <u>**Lifeway's Claim That CocoKefir Violates Federal Labeling**</u>

4            <u>**Requirements Is Precluded**</u>

5          Lifeway's claim premised on its allegations that Defendants' use of the term

6    "kefir" violates FDCA labeling requirements (under Count 2 of the Complaint) also

7    fails as a matter of law for the simple reason that the FDA has already rejected

8    those allegations.  Congress expressly precluded private enforcement of the FDCA.

9    21 U.S.C. § 337(a) ("[A]ll such proceedings for the enforcement, or to restrain

10   violations, of this chapter shall be by and in the name of the United States"); *see*

11   *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 349 n.4 (2001).  Although

12   this bar on private enforcement does not preclude all Lanham Act claims premised

13   on food labeling, a Lanham Act claim premised on alleged violations of the FDCA

14   such as Lifeway's claim against Defendants "cannot proceed . . . without a clear

15   statement by the FDA."  *See JHP Pharm., LLC v. Hospira, Inc.*, 52 F. Supp. 3d

16   992, 1004 (C.D. Cal. 2014).  Otherwise, courts would be forced to "arrogate the

17   authority of the FDA to decide, at least in the first instance, the legality or illegality

18   of marketing a particular substance."  *Id.*

19         Here, the FDA has already determined that Defendants' use of the term

20   "kefir" does ***not*** violate its regulations.  As alleged in the Complaint, the FDA sent

21   CocoKefir a warning letter on November 22, 2011, which, among other things,

22   stated a concern that the name CocoKefir "may potentially be misleading because it

23   appears to imply that the product is a dairy beverage."  ECF No. 1 ¶¶ 32-33 & n.3.

24   Following correspondence with CocoKefir, the FDA issued a close-out letter on

25   June 3, 2013, informing CocoKefir that "it appears you have addressed all the

26   violations contained in this Warning Letter."[6]  ECF No. 17-5 at 59-60; *see*

27   _____

28       [6] Lifeway's failure to note the existence of the June 3, 2013 FDA close-out letter
in its Complaint demonstrates an exceptional lack of candor, as the letter is

MOTION TO DISMISS COMPLAINT
2:16-CV-07099-R-JEM

1  RJN at 3.  It is thus clear that the FDA withdrew its concerns regarding

2  "CocoKefir" and determined it was not misleading.

3      Even if it were proper for Lifeway to dispute the FDA's determination,

4  Lifeway's allegation would still fail because CocoKefir complies with all FDA

5  labeling requirements.  The FDA has authority under the FDCA to set "standards of

6  identity" for food and supplement products—*i.e.*, what ingredients a product must

7  contain, which ingredients it may contain, and manufacturing requirements.  21

8  U.S.C. § 341.  Although the FDA has promulgated more than 300 standards of

9  identity for food products, *see* 21 C.F.R. §§ 130–169, it has never set a standard of

10  identity for kefir.  Nor, for that matter, is there a legally recognized definition for or

11  standard of identity for probiotic beverages.  Because there is no standard of

12  identity applicable to CocoKefir, it must be labeled by the "common or usual name

13  of the food" or an "appropriately descriptive term."  21 C.F.R. § 101.3(b).  And, as

14  noted above, Defendants' CocoKefir brand name and product labeling accurately

15  describe a beverage of coconut water and probiotic kefir cultures.[7]

16      **E.    Lifeway Should Not Be Granted Leave to Amend**

17      Leave to amend may be denied when "the court determines that the

18  allegation of other facts consistent with the challenged pleading could not possibly

19  cure the deficiency."  *Schreiber Distrib. Co. v. ServWell Furniture Co.*, 806 F.2d

20  1393, 1401 (9th Cir. 1986); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

21      Granting Lifeway leave to amend its claims against Defendants would be

22  futile.  As demonstrated above, Lifeway's claims are time-barred, implausible on

23  expressly referenced in an exhibit Lifeway filed with this Court in support of its ex parte application.  ECF No. 6-2 at 9; *see* RJN at 3-4.

24  [7] The Complaint's reliance on the Codex Alimentarius is even more misplaced.
ECF No. 1 ¶ 16.  The Codex does ***not*** define kefir as a dairy product; on the

25  contrary, it defines kefir as a "[s]tarter culture prepared from kefir grains" and is

26  therefore consistent with ***Defendants'*** use of the term on a nondairy product fermented using kefir culture.  *See id.*  Furthermore, the Codex has no legal effect

27  in the United States; it merely provides recommendations for food safety standards that member countries, like the United States, may or may not apply in their

28  national legislation.

1   their face, and precluded.  Moreover, there is "no set of additional facts that could

2   possibly cure the" deficiencies in the Complaint.  *Baby Trend*, 2013 WL 4039451,

3   at *5.  Thus, any request for leave to amend the Complaint should be denied.

4   **IV.    CONCLUSION**

5          For the foregoing reasons, the Court should grant Defendants' Motion to

6   Dismiss and dismiss all claims against Defendants with prejudice.

7

8   Dated: October 28, 2016                    O'MELVENY & MYERS LLP

9                                              By:    */s/ Brian M. Berliner*

10                                                     Brian M. Berliner

11                                             Brian M. Berliner (S.B. #156732)
                                               bberliner@omm.com
12                                             Jordan Raphael (S.B. #252344)
                                               jraphael@omm.com
13                                             O'MELVENY & MYERS LLP
                                               400 South Hope Street
14                                             Los Angeles, California  90071-2899
                                               Telephone:  (213) 430-6000
15                                             Facsimile:   (213) 430-6407

16

17                                             Tim Byron (S.B. #277569)
                                               tbyron@omm.com
18                                             Jesse J. Koehler (S.B. #300530)
                                               jkoehler@omm.com
19                                             O'MELVENY & MYERS LLP
                                               Two Embarcadero Center, 28th Floor
20                                             San Francisco, California 94111
                                               Telephone:  (415) 984-8700
21                                             Facsimile:   (415) 984-8701

22                                             Attorneys for Defendants
                                               MILLENNIUM PRODUCTS, INC. and
23                                             COCOKEFIR LLC

24

25

26

27

28

16