1    BRIAN M. BERLINER (S.B. #156732)
2    bberliner@omm.com
     JORDAN RAPHAEL (S.B. #252344)
3    jraphael@omm.com
     O'MELVENY & MYERS LLP
4    400 South Hope Street
     Los Angeles, California  90071-2899
5    Telephone:  (213) 430-6000
     Facsimile:    (213) 430-6407
6
7    TIM BYRON (S.B. #277569)
     tbyron@omm.com
8    JESSE J. KOEHLER (S.B. #300530)
     jkoehler@omm.com
9    O'MELVENY & MYERS LLP
     Two Embarcadero Center, 28th Floor
10   San Francisco, California 94111
     Telephone:  (415) 984-8700
11   Facsimile:    (415) 984-8701

12   Attorneys for Defendants
     MILLENNIUM PRODUCTS, INC. and
13   COCOKEFIR LLC

14

15

16            **UNITED STATES DISTRICT COURT**

17            **CENTRAL DISTRICT OF CALIFORNIA**

18

| | |
|---|---|
| LIFEWAY FOODS, INC., | Case No. 2:16-cv-07099-R-JEM |
|          Plaintiff, | **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT** |
|      v. | |
| MILLENNIUM PRODUCTS, INC., d/b/a GT'S KOMBUCHA / SYNERGY DRINKS; and COCOKEFIR LLC, | Judge:  Hon. Manuel L. Real |
| | Hearing Date:  December 5, 2016 |
|          Defendants. | Complaint Filed:  September 21, 2016 Trial Date:  Not Set |

26

27

28

1

## REQUEST FOR JUDICIAL NOTICE

2      Pursuant to Federal Rule of Evidence 201, and in connection with their

3  Motion to Dismiss the Complaint of Plaintiff Lifeway Foods, Inc. ("Lifeway"),

4  Defendants Millennium Products, Inc. and CocoKefir LLC respectfully request that

5  the Court take judicial notice of the following material, all of which has been

6  previously submitted in this action:

7      • **CocoKefir product label designs central to Lifeway's false**

8        **advertising and unfair competition claims** (ECF No. 17-4, Ex. P and

9        ECF No. 17-5, Ex. W);

10     • **Government records from the United States Food and Drug**

11       **Administration** (ECF No. 17-5, Ex. AA) **and United States Patent and**

12       **Trademark Office** (ECF No. 17-6, Ex. FF);

13     • **Sworn statements in the Declaration of Derek Miller, Lifeway's Vice**

14       **President of Communications, filed by Lifeway in this action** (ECF

15       No. 6-2); and

16     • **Printouts of CocoKefir's Facebook page** (ECF No. 17-3, Ex. L) **and**

17       **Twitter page** (ECF No. 17-4, Ex. M).

18  Because all of this material has been previously filed with the Court and is available

19  online via the Court's Case Management and Electronic Case Files system,[1]

20  Defendants have not resubmitted these documents, but will do so at the Court's

21  request. For the reasons provided below, it is proper for the Court to take judicial

22  notice of this matter.

23

24

25  _____

26  [1] All documents for which Defendants seek judicial notice are attached to and
    authenticated in the Declaration of Michael Larsen in Support of Defendants'
    Opposition to Plaintiff's Motion for Preliminary Injunction ("Larsen Declaration")

27  (*see* ECF No. 17-1 through 17-6); Mr. Miller's statements are included in the
    declaration he filed in support of Lifeway's *Ex Parte* Application for Preliminary

28  Injunction (ECF No. 6-2).

DEFS.' REQUEST FOR
JUDICIAL NOTICE
2:16-CV-07099-R-JEM

### (1)    CocoKefir Product Label Designs

Defendants request judicial notice of photographs of Defendants' current CocoKefir product labels (ECF No. 17-4, Ex. P) and Defendants' CocoKefir product labels from 2010 to 2016 (ECF No. 17-5, Ex. W).  Rule 201 permits a court to take judicial notice of an adjudicative fact that is not subject to reasonable dispute because it is either "generally known within the trial court's territorial jurisdiction" or can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  And, while a Court does not normally consider matters outside the complaint on a motion to dismiss, it may properly take judicial notice of and consider documents incorporated by reference into the complaint, central to the claims, and as to which no party questions the authenticity or relevance of the copies provided.  *See, e.g.*, *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim") (citations omitted); *accord Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010)*; Samet v. Procter & Gamble Co.*, No. 5:12-CV-01891 PSG, 2013 WL 3124647, at *2 & n.21 (N.D. Cal. June 18, 2013) (taking judicial notice of product labels at motion to dismiss stage).

The label designs of the CocoKefir products at issue in the Complaint, *see* ECF No. 1 ¶¶ 46-47, are the proper subject of judicial notice.  Lifeway not only refers to the CocoKefir product label extensively in the Complaint, but the label designs—past and present—purport to form the basis of Lifeway's claims.  *Id.* ¶¶ 20-21, 23, 27, 30-31, 33, 36-37, 40-41, 46-47, 65.  The thrust of Lifeway's allegations are that Defendants misbranded their CocoKefir product by labeling a coconut kefir with the term "kefir" to create the false impression that the product is made with dairy milk.  *Id.* ¶¶ 23, 31, 46-47.  Lifeway submits photographs of Defendants' current label designs in the Complaint and expressly alleges that the

DEFS.' REQUEST FOR
JUDICIAL NOTICE
2:16-CV-07099-R-JEM

1  Defendants' previous label designs were similarly mislabeled. *Id.* ¶¶ 20-21, 31-33,

2  40.  In short, the viability of Lifeway's claims hinge on the content of the past and

3  present CocoKefir labels.

4          District courts deciding similar claims regarding food products routinely take

5  judicial notice of product packaging referenced in the complaint.  *Samet*, 2013 WL

6  3124647, at *2 & n.21; *Andersen v. Jamba Juice Co.*, 888 F. Supp. 2d 1000, 1003

7  (N.D. Cal. 2012); *Bronson v. Johnson & Johnson, Inc.*, No. C 12-04184 CRB, 2013

8  WL 1629191, at *1 n.1 (N.D. Cal. April 16, 2013).

9          **(2)    FDA and USPTO Documents**

10         The FDA's June 3, 2013 close-out letter to CocoKefir (ECF No. 17-5, Ex.

11  AA) and the USPTO File History for U.S. Trademark Application No. 86/801,644

12  (ECF No. 17-6, Ex. FF) are the proper subject of judicial notice.  The contents of

13  these printouts from the website of the FDA and the website of the USPTO qualify

14  as adjudicative facts because they can be "accurately and readily determined from

15  sources whose accuracy cannot reasonably be questioned," namely, government

16  agencies.  *See* Fed. R. Evid. 201(b).  Indeed, courts regularly find "it is appropriate

17  to take judicial notice of information on government websites."  *Poll v. Stryker*

18  *Sustainability Sols., Inc.*, No. CIV 13-440-TUC-CKJ, 2014 WL 199150, at *2 (D.

19  Ariz. Jan. 17, 2014) (taking judicial notice of documents available on the FDA

20  website); *Von Koenig v. Snapple Bev. Corp.*, 713 F. Supp. 2d 1066, 1073 (E.D. Cal.

21  2010) (taking judicial notice of FDA warning letters because they were "matters of

22  public record, available on the FDA website"); *Dahon N. Am., Inc. v. Hon*, No.

23  2:11-CV-05835-ODW, 2012 WL 1413681, at *8 & n.4 (C.D. Cal. Apr. 24, 2012)

24  (taking judicial notice of documents filed on the USPTO website).

25         **(3)    Sworn Statements in Lifeway's Miller Declaration**

26         Sworn statements in the Declaration of Derek Miller, Lifeway's Vice

27  President of Communications (ECF No. 6-2), are the proper subject of judicial

28  notice.  The Court's ability to take judicial notice of undisputed matters of public

3

records extends to "documents on file in federal or state courts." *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012). This includes documents that are part of the docket in the present case. *See Britz Fertilizers, Inc. v. Bayer Corp.*, 665 F. Supp. 2d 1142, 1177 (E.D. Cal. 2009) (taking judicial notice of declaration submitted earlier in that action); *Harris v. Stonecrest Care Auto Ctr., LLC*, 559 F. Supp. 2d 1088, 1089 (S.D. Cal. 2008) (taking judicial notice of several documents submitted earlier in that action). Since Lifeway submitted the Miller Declaration and Mr. Miller executed that declaration under penalty of perjury, the accuracy of Mr. Miller's statements in his declaration concerning his awareness of the CocoKefir brand in 2011 cannot be reasonably questioned by Lifeway. *See* Fed. R. Evid. 201(b). Nor do Defendants question the accuracy of Mr. Miller's statements; in fact, Defendants' records—namely, the 2010 and 2012 correspondences between Lifeway and CocoKefir discussed in Defendants' Opposition to Plaintiff's *Ex Parte* Application & Amended Motion for Preliminary Injunction, and attached as supporting exhibits to that opposition brief—support Lifeway's contemporaneous awareness of the CocoKefir brand. *See* ECF No. 17 at 5-8; ECF No. 17-4 at 95-98; ECF No. 17-5 at 1-10.

### (4)    CocoKefir Facebook Page and Twitter Page

The printouts of CocoKefir's Facebook page (ECF No. 17-3, Ex. L) and Twitter page (ECF No. 17-4, Ex. M) submitted with the Larsen Declaration are the proper subject of judicial notice. Documents available on the Internet have been held to qualify as public records for the purposes of judicial notice. *Wible v. Aetna Life Ins. Co.*, 375 F. Supp. 2d 956, 965-66 (C.D. Cal. 2005). This is especially true where the accuracy of the document cannot be reasonably questioned. *See, e.g.*, *Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 985 (N.D. Cal. 2010) (taking judicial notice of printouts from the defendant's website as well as printouts from third-party websites). Here, Defendants request judicial notice as to the existence of these documents to show what was in the public realm at or near the

DEFS.' REQUEST FOR
JUDICIAL NOTICE
2:16-CV-07099-R-JEM

1   time Lifeway filed the Complaint.  *See id.* (taking judicial notice of documents to

2   indicate what was in the public realm at a particular time); *Von Saher v. Norton*

3   *Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) ("Courts may

4   take judicial notice of publications introduced to 'indicate what was in the public

5   realm at the time, not whether the contents of those articles were in fact true.'").

6   Defendants do not request notice as to the truth of any of the statements appearing

7   on either social media webpage; instead, Defendants seek to indicate information

8   equally available to Lifeway at the time it filed the Complaint.

9                                          *****

10          For the foregoing reasons, Defendants respectfully request that this Court

11  take judicial notice of the documents set forth above.

12  Dated:  October 28, 2016           O'MELVENY & MYERS LLP

13                                      By:    */s/ Brian M. Berliner*

14                                                  Brian M. Berliner

15                                      Brian M. Berliner (S.B. #156732)
                                        bberliner@omm.com
16                                      Jordan Raphael (S.B. #252344)
                                        jraphael@omm.com
17                                      O'MELVENY & MYERS LLP
                                        400 South Hope Street
18                                      Los Angeles, California  90071-2899
                                        Telephone:  (213) 430-6000
19                                      Facsimile:   (213) 430-6407

20
                                        Tim Byron (S.B. #277569)
21                                      tbyron@omm.com
                                        Jesse J. Koehler (S.B. #300530)
22                                      jkoehler@omm.com
                                        O'MELVENY & MYERS LLP
23                                      Two Embarcadero Center, 28th Floor
                                        San Francisco, California 94111
24                                      Telephone:  (415) 984-8700
                                        Facsimile:   (415) 984-8701
25

26                                      Attorneys for Defendants
                                        MILLENNIUM PRODUCTS, INC. and
27                                      COCOKEFIR LLC

28

5