RICK L. SHACKELFORD (SBN 151262)
DANIELL K. NEWMAN (SBN 242834)
ADAM SIEGLER (SBN 116233)
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, California  90067
Tel: (310) 586-7700; Fax: (310) 586-7800
E-mail: *ShackelfordR@gtlaw.com*
        *NewmanDK@gtlaw.com*
        *SieglerA@gtlaw.com*

Attorneys for Plaintiff, Lifeway Foods, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIFEWAY FOODS, INC., an Illinois corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>MILLENNIUM PRODUCTS, INC., d/b/a GT'S KOMBUCHA / SYNERGY DRINKS, a California corporation; COCOKEFIR LLC, a Delaware limited liability company,<br><br>        Defendants. | Case No. 2:16-CV-07099-R-(JEM)<br><br>[Honorable Manuel L. Real]<br><br>**PLAINTIFF LIFEWAY FOODS, INC.'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT**<br><br>Date:       December 5, 2016<br>Time:      10:00 a.m.<br><br>Complaint Filed:  September 21, 2016<br>Trial Date:     None Set |

# TABLE OF CONTENTS

<u>Page</u>

I.    INTRODUCTION .................................................................1

II.    ARGUMENT .......................................................................2

    A.    The Motion Is Procedurally Defective And Must Be Denied.......................2

        1.    The Motion to Dismiss under Rule 12(b)(6) Must be Denied.............2

        2.    Summary Judgment Must be Denied................................4

    B.    Defendants' Attacks On The Adequacy Of The Complaint Fail ...................5

        1.    The CocoKefir Label is Deceptive ................................5

    C.    There Are Questions Of Fact About Whether Defendants' Time-Related Defenses Can Be "Tacked" Before 2016. ..............................8

        1.    Laches Is Not Appropriately Decided At This Stage .........................8

        2.    Equitable Estoppel Is Not Appropriately Decided At This Stage..............................................................10

        3.    Statute of Limitations Arguments also should not be Decided at this Stage.................................................13

    D.    Lifeway Has Adequately Stated A Consumer Deception Claim ..................14

    E.    Lifeway Is Entitled To Bring Its Claims – They Are Not Precluded...........17

    F.    Leave And Discovery Should Be Granted ....................................18

III.    CONCLUSION ..................................................................20

i

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Alexander v. Kujoc*,
  158 F. Supp. 3d 1012, 1017 (E.D. Cal. 2016) ...................................................2

*In re Am. Cont'l Corp./Lincoln Sav. & Loan Sec. Litig.*,
  102 F.3d 1524, *rev'd on other grounds*, 523 U.S. 26 (1998) (9th Cir.
  1996) .................................................................................................................10

*Ang v. White Wave Foods*,
  No. 13-cv-1953, 2013 WL 6492353 (N.D. Cal. Dec. 10, 2013) ...................7, 15

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...........................................................................................2

*Baby Trend, Inc. v. Playtex Prods., LLC*,
  No. 5:13-cv-647-ODW, 2013 WL 4039451 (C.D. Cal. Aug. 7 2013) ...............8

*Bangkok Broad. & T.V. Co. v. IPTV Corp.*,
  742 F. Supp. 2d 1101 (C.D. Cal. 2010) ............................................................11

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .............................................................................................2

*Brach v. Tunnel*,
  14 F.3d 449 (9th Cir. 1994), *overruled on other grounds by Galbraith v.
  Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) ......................................19

*Brazil v. Dole Food Co., Inc.*,
  935 F. Supp. 2d 947 (N.D. Cal. 2013) ..............................................................17

*Casualty v. Fannie Mae*,
  915 F. Supp. 2d 1113 (C.D. Cal. 2012) ............................................................18

*Ellsworth v. U.S. Bank, N.A.*,
  908 F. Supp. 2d 1063 (N.D. Cal. 2012) ..............................................................9

*Fitbug Ltd. v. Fitbit, Inc.*,
  78 F. Supp. 3d 1180, 1186 (N.D. Cal. 2015) ...................................................10

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

*Haskell v. Time, Inc.*,
   857 F. Supp. 1392 (E.D.Cal. 1994) ........................................................... 3, 11

*Inlandboatmens Union of the Pac. v. Dutra Group*,
   279 F.3d 1075 (9th Cir. 2002), *overruled on other grounds by Albino v.
   Baca*, 747 F.3d 1162 (9th Cir. 2103) ............................................................ 19

*Jackson v. Carey*,
   353 F.3d 750 (9th Cir. 2003) ........................................................................ 18

*Jarrow Formulas, Inc. v. Nutrition Now*,
   304 F.3d 829 (9th Cir. 2002) ................................................................. 8, 9, 10

*Jensen v. W. Irrigation & Mfg., Inc.*,
   650 F.2d 165 (9th Cir. 1980) ........................................................................ 12

*Kosta v. Del Monte Corp.*,
   No. 12-cv-01722-YGR, 2013 U.S. Dist. LEXIS 69319 (N.D. Cal., May
   15, 2013) ...................................................................................................... 17

*Living Designs, Inc. v. E.I. DuPont de Nemours & Co.*,
   431 F.3d 353 (9th Cir. 2005) ........................................................................ 12

*Miller v. Glenn Miller Prods., Inc.*,
   454 F.3d 975 (9th Cir. 2006) .......................................................................... 8

*Morgan v. Gonzalez*,
   495 F.3d 1084 (9th Cir. 2007) ...................................................................... 11

*Morley v. Walker*,
   175 F.3d 756 (9th Cir. 1999) .......................................................................... 2

*Polich v. Burlington N., Inc.*,
   942 F.2d 1467 (9th Cir. 1991) ...................................................................... 18

*Portney v. CIBA Vision Corp.*,
   593 F. Supp. 2d 1120 (C.D. Cal. 2008) ........................................................ 18

*Procter & Gamble Co. v. Ultreo, Inc.*,
   574 F. Supp. 2d 339 (S.D.N.Y. 2008) ............................................................ 6

*Reese v. AT&T Mobility II, LLC*,
   No. 2:13-cv-05198-ODW, 2014 WL 1873046 (C.D. Cal. 2014) .................... 8, 9

*Schulein v. Petroleum Dev. Corp.*,
   No. SACV 11-1891 AG (ANx), 2012 U.S. Dist. LEXIS 191649,
   at *21-22 (C.D. Cal. June 25, 2012) .................................................................3

*Sensible Foods, LLC v. World Gourmet, Inc.*,
   No. 11-2819 SC, 2012 WL 566304 (N.D. Cal. Feb. 21, 2012) .....................7

*Silk v. Metro. Life Ins. Co.*,
   477 F. Supp. 2d 1088 (C.D. Cal. 2007) ..........................................................3, 4

*Soremekun v. Thrifty Payless Inc.*,
   509 F.3d 978 (9th Cir. 2007) AG (ANx), 2012 U.S. Dist. LEXIS 191649,
   at *21-22 (C.D. Cal. June 25, 2012) .................................................................8

*Trs. of Bos. Univ. v. Everlight Elecs. Co.*,
   No. 12-11935-PBS, 2016 WL 1676543 (D. Mass. Apr. 26, 2016) ............8, 9

*United States v. Ritchie*,
   342 F.3d 903 (9th Cir. 2003) ............................................................................19

*Williams v. Gerber Prods. Co.*,
   552 F.3d 934 (9th Cir. 2008) ..........................................................................3, 7

**California Cases**

*In Re Farm Raised Salmon Cases*,
   42 Cal. 4th 1077 (2008) ...................................................................................17

**Federal Statutes**

Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 *et seq.* ...........2, 17, 18

Lanham Act (15 U.S.C. § 1125(a)) ......................................................................17

**Other Federal Authorities**

21 C.F.R. 101, Subpart E. ....................................................................................14

Federal Rules of Civil Procedure
   Rule 8 .........................................................................................8, 10, 13
   Rule 12 ..............................................................................1, 2, 3, 4, 19
   Rule 15 .............................................................................................18
   Rule 56 ...................................................................................1, 3, 4, 19

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

United States District Court, Central District of California Local Rule 56-1 ....................4

**California Statutes**

Sherman Food, Drug, and Cosmetic Law, Cal. Health & Safety Code
    § 109875 *et seq*. ...........................................................................................17

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

## I.   <u>INTRODUCTION</u>

Although Defendants call their motion a "Motion to Dismiss Complaint," Defendants acknowledge that it really is a summary judgment motion that relies on facts outside the Complaint.  Indeed, Defendants expressly ask the Court to treat the motion as one for summary judgment.  Memo. of P. & A., Dkt. 28, at 2, n.1.  The motion itself cites, and relies upon, numerous exhibits and declarations to support factual assertions that are not in the Complaint, and in some cases are directly contrary to what is alleged in the Complaint.  Because it goes beyond the Complaint, the motion cannot be granted as one to dismiss.

Treated as one for summary judgment, the motion cannot be granted because doing so would require the Court to resolve factual disputes, and because discovery has not even commenced.  There has been no opportunity to test Defendants' factual assertions or to obtain evidence refuting them.  Plaintiff Lifeway thus has not had a "reasonable opportunity to present all the material that is pertinent to the motion," as specifically required by Rules 12 and 56.

None of Defendants' arguments can succeed on the factual record as it currently exists.  Defendants' arguments that Lifeway's claims are time-barred fail because the Complaint alleges that Lifeway objected, by sending cease and desist letters, when a smaller company, CocoKefir (Minnesota) previously marketed "CocoKefir."  After those objections, "CocoKefir" appeared to be withdrawn from the market.  The Complaint then alleges these Defendants plan on re-introducing "CocoKefir" to the market in 2016.  To make their time-bar arguments, Defendants ignore the previous objections and the apparent withdrawal of "CocoKefir" from the market, and do so without offering evidence that would allow the Court to "tack" current events and Defendants' conduct back to the previous company.  At a minimum, full development of the facts regarding any link between the "CocoKefir" companies is necessary.

Defendants' argument that that their label is not deceptive ignores the Complaint.  Not only does the Complaint allege that the label is deceptive, it alleges facts as to why

the label is deceptive.   Moreover, Lifeway offered a survey in connection with the preliminary injunction briefing that shows that consumers would be misled.   Resolving disputes over that survey (such as Defendants' criticisms of it), and determining whether consumers are likely to be misled are factual questions that cannot be resolved on this motion.

Finally, Defendants' assertion that Lifeway's claim is precluded is legally wrong because (i) the California statutory requirements incorporating the Federal Food, Drug, and Cosmetic Act ("FDCA") may be privately enforced, and (ii) Lanham Act claims for deceptive labeling are not precluded by the FDCA.

## II.   ARGUMENT

### A.   The Motion Is Procedurally Defective And Must Be Denied

Defendants' hybrid motion to dismiss/motion for summary judgment should be denied because it is procedurally defective beyond repair.

#### 1.   The Motion to Dismiss under Rule 12(b)(6) Must be Denied

Defendants' motion cannot be granted as a motion to dismiss because Defendants have not met the well-established legal standard for such motions.   A complaint should be dismissed only if it is apparent that "plaintiff can prove no set of facts that would entitle it to relief." *Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).   The Plaintiff need only set forth sufficient facts to state a claim, and the complaint merely needs to contain "[f]actual allegation[s] [sufficient] to raise a right to relief above the speculative level" and must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009) (same).   All facts must be presumed true and construed in the light most favorable to the plaintiff.   *Alexander v. Kujoc*, 158 F. Supp. 3d 1012, 1017 (E.D. Cal. 2016).

Defendants' motion ignores these pleading standards.   Rather than limiting their arguments to the facts in the pleadings, Defendants rely heavily on their own assertions outside the pleadings.   *See*, *e.g.*, Memo. of P. & A., Dkt. 28, at 2-4 (citing to Dkt. 17

2

("Defendant's Opposition to Plaintiff's Ex Parte Application & Amended Motion for Preliminary Injunction")).  Moreover, Defendants rely on such materials for the truth of the statements made therein (as opposed to merely for the fact that such filings were made), even though those statements have not been vetted in depositions or other discovery.  As but one example, Defendants base their statute of limitations arguments on the notion that "CocoKefir" has been marketed and sold continuously since 2009, by one or more entities to which Defendants are the successor.  Lifeway alleges in its Complaint, however, that "[n]ot long after the FDA's warning letter [in 2011], the old 'CocoKefir' product was withdrawn from the market."  Complaint, Dkt. 1, ¶ 37.  Defendants thus rely on facts that not only are absent from the Complaint, but are actually contrary to the facts as pled in the Complaint.  Put another way, the Court could not grant Defendants' motion without actually deciding disputed factual issues, which would be improper for either a Rule 12(b)(6) or a Rule 56 summary judgment motion.

Defendants' reliance upon facts outside the Complaint requires the motion under Rule 12(b)(6) to be denied.  *See Haskell v. Time, Inc.*, 857 F. Supp. 1392, 1396 (E.D. Cal. 1994) ("Ordinarily, a motion to dismiss . . . is addressed to the four corners of the complaint without consideration of other documents or facts outside of the complaint.").  Where a motion goes beyond the pleadings and judicial notice, it cannot be granted as a motion to dismiss.  *See Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938-40 (9th Cir. 2008) (finding the packaging could likely deceive a reasonable consumer so the facts did not "amount to the rare situation in which granting a motion to dismiss is appropriate"); *Schulein v. Petroleum Dev. Corp.*, No. SACV 11-1891 AG (ANx), 2012 U.S. Dist. LEXIS 191649, at *21-22 (C.D. Cal. June 25, 2012) (motion to dismiss denied where facts are disputed).

Defendants attempt to get around this problem by repeatedly requesting that the Court convert their motion into one for summary judgment (Not. & Memo. of P. & A., Dkt. 28), and they cite *Silk v. Metro. Life Ins. Co.*, 477 F. Supp. 2d 1088, 1091 (C.D. Cal. 2007) in support of this request.  That request is a frank admission that Defendants

3

cannot prevail if their motion is limited to the facts of the Complaint.   Further, as discussed below, Defendants cannot meet the requirements for summary judgment under *Silk* and Rules 12 and 56.

### 2.   Summary Judgment Must be Denied

Defendants recognize that their motion is obviously deficient as a Rule 56 summary judgment motion, because it fails to comply with this Court's local rules applicable to such motions.   Specifically, Defendants did not submit the "Statement of Uncontroverted Facts and Conclusions of Law" required by Local Rule 56-1. Accordingly, they try to sneak in the side door of Fed. R. Civ. P. Rule 12(c), arguing that the court can consider the matter on summary judgment.   However, they leave out the key part of the Rule:  "All parties shall be given **reasonable opportunity to present all material made pertinent** to such a motion by Rule 56."   Fed.R.Civ.P. 12(c) (emphasis added); *Silk,* 477 F. Supp. 2d at 1091.  In the *Silk* case, all of the documentary evidence had already been provided because the plaintiff had filed a motion for summary judgment:  "The fact that defendants submitted documentary evidence would normally require the Court to provide the parties with additional time to respond before considering those materials, but, in this case, notice to the parties has already been provided." *Silk*, 477 F. Supp. 2d at 1091.

Those unique circumstances do not exist here.   Lifeway has not had any opportunity to obtain evidence from Defendants.   Discovery has not even started. Plaintiff has not had the opportunity to get documents that bear on Defendants' assertions, or to test those assertions through deposition.  To give just a few examples: CocoKefir (Delaware) claims that it can "tack" the statute of limitations and laches, creating an estoppel defense, based on events relating to the earlier company, CocoKefir (Minnesota), because the Delaware entity is a "successor" to the Minnesota one. Lifeway has not yet had the opportunity to get discovery on the relationship between the two entities or any transactions they may have made.  Going further, Lifeway has not yet had the opportunity to investigate whether any actions (or inactions) by Lifeway had any

impact on such transactions—such as whether the Defendants actually relied upon Lifeway not suing the Minnesota entity in valuing any such transaction.

As another example, Defendants claim that consumers will not be misled even though they admit that the parties' products compete.  This is obviously a hotly contested factual issue that cannot be resolved in the context of the present motion.  The Complaint plausibly alleges a likelihood of confusion. *See*, *e.g.*, Complaint, Dkt. 1, ¶¶ 50-52. Nothing more is required at this point for the case to move forward.

Defendants' motion is replete with further examples of as-yet-untested factual questions, but Lifeway need not belabor this point.   Rather than meeting the legal standard relevant to either a motion for summary judgment or a motion to dismiss, Defendants' motion seeks to flip that standard.  They do not argue there is no set of facts entitling Lifeway to relief, as appropriate on a motion to dismiss.  They do not establish that undisputed facts require judgment in Defendants' favor.  Instead, they argue that there is a set of facts which might be proven based upon information outside the four corners of the Complaint and that might show: (i) that consumers might not be confused; (ii) that CocoKefir (Delaware) is a successor to CocoKefir (Minnesota); or (iii) that Defendants detrimentally relied on inactions by Lifeway.  For Defendants to prevail on their motion, at this stage of the case, however, would require this Court to (i) resolve disputed factual disputes in Defendants' favor, and (ii) accept Defendants' factual assertions as true before they are tested in discovery.  Accordingly, this Court must deny the motion, however Defendants style it.

## B.   **Defendants' Attacks On The Adequacy Of The Complaint Fail**

### 1.   **The CocoKefir Label is Deceptive**

In addition to the premature summary judgment arguments, Defendants also challenge the adequacy of Lifeway's Complaint.   The motion to dismiss cannot be granted on these grounds, because the Complaint plausibly alleges that the CocoKefir label is deceptive, and there are factual issues surrounding consumer perceptions that cannot be decided as a matter of law.

To start with the pleadings, the Complaint alleges that Kefir is a milk drink, and that the word "Kefir" has been defined, by historical practice, dictionaries, regulations, and consumer understanding, as a milk drink. Complaint ¶¶ 7-13, 15-19. Lifeway produces Kefir in conformity with the history, dictionary definitions, regulations, and consumer perceptions defining Kefir as a milk drink. Complaint ¶ 14. In contrast, Defendants' "CocoKefir" products contain no milk despite using the word "Kefir." Complaint ¶ 20. The Complaint alleges that Defendants' labeling, particularly the use of the word "Kefir," is deceptive and misleading to consumers, not to mention unlawful in several respects. Complaint ¶¶ 41-42, 47-52. The Complaint also alleges that this confusion will harm both consumers and Lifeway. Complaint ¶¶ 52-55. These allegations are more than sufficient to state the claims asserted in the Complaint.

A motion to dismiss should not be granted unless there is no set of facts plaintiff could prove that would entitle it to relief. Defendants plainly cannot clear that hurdle at this juncture. Even though discovery has not begun, Lifeway conducted a survey which confirmed what is alleged in the Complaint, that a substantial number of consumers would be deceived by Defendants' label. In conjunction with the preliminary injunction motion, Lifeway commissioned an online survey, conducted by Google Consumer Surveys, of 890 American adults in the 48 contiguous states. *See* Declaration of Rick L. Shackelford in Support of Lifeway's Opposition to Motion to Dismiss, attached hereto as Ex. 1. The survey showed that 36.9% of survey participants examining the label of CocoKefir mistakenly believed that the product contains milk when it does not. This rate of deception far exceeds the national standard in Lanham Act cases, in which deception rates of 20% or greater are sufficient evidence of deception. *See Procter & Gamble Co. v. Ultreo, Inc.*, 574 F. Supp. 2d 339, 345 (S.D.N.Y. 2008) ("Cases have held that 20% constitutes a substantial percentage of consumers.") (citing *Johnson & Johnson-Merck Consumer Pharms. Co. v. Rhone-Poulenc Rorer, Pharms, Inc.*, 19 F.3d 125, 134 n.14 (3d Cir. 1994)). On the basis of that evidence alone, Lifeway has stated facts that, if proven, would entitle it to relief.

Any response to Lifeway's survey obviously would require Defendants to go beyond the Complaint.  Recognizing that they have no basis to ask this Court to consider evidence of consumer perceptions, Defendants ask the Court simply to accept their **argument** that the presence of "Coco" on the label "refers to the coconut water base of the kefir" and "unambiguously notifies consumers that it is a nondairy product" (Memo. of P. & A., Dkt. 28, at 12), despite the word "Kefir" indicating that it contains dairy. That is quintessentially a factual determination and one that contradicts the plausible allegations in its Complaint.[1]  Even the question of whether the presence of "Coco" would be perceived by consumers to indicate that the product is made from coconut water, as opposed to having coconut added to it (like, for example, coconut rum, coconut shampoo, or Lifeway's Helios branded "coconut and honey kefir" (*see* http://lifewaykefir.com/products/organic-kefir-coconut-honey-helios-kefir/)) is a disputed factual question.  On a motion to dismiss, such disputed factual issues preclude dismissal. *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938-40 (9th Cir. 2008).[2]

---

[1] Unlike in *Ang v. White Wave Foods*, No. 13-cv-1953, 2013 WL 6492353 (N.D. Cal. Dec. 10, 2013), where that court found implausible the argument that "soymilk" could be construed by a reasonable consumer as containing dairy, the reasonable consumer's belief here is disputed, and Defendants have not identified any facts supporting their assertions about the reasonable consumer.  Moreover, the *Ang* court found because the FDA regularly used the term "soymilk" in its public statements, the agency had "yet to arrive at a consistent interpretation [of the regulations] with respect to milk substitutes." *Id.* at *3.  The same is not the case here, where the FDA has *never* referred to "Kefir" as anything other than a product containing dairy.  *See* Complaint at ¶¶ 9-13.

[2] The case Defendants cite, *Sensible Foods, LLC v. World Gourmet, Inc.*, No. 11-2819 SC, 2012 WL 566304 (N.D. Cal. Feb. 21, 2012) is the exact opposite of the present case. In *Sensible Foods*, the plaintiff argued that (1) a potato is not a vegetable; and (2) a product containing apples was misleading when *it admittedly contained apples, per the complaint*.  The court dismissed the complaint because the plaintiff could not "credibly claim that the words 'veggie' and 'apple,' when used to describe products containing veggies and apples, are 'literal falsit[ies].'" *Id.* at *6.  That case bears no resemblance to the situation here where Defendants are using "Kefir" to describe a product that, by its own admission, contains no dairy.  Their reliance on *Sensible Foods* is misplaced.

7

On summary judgment, no discovery has been done to develop evidence of what consumers believe. Moreover, disputed factual questions cannot be resolved on summary judgment. *See Soremekun v. Thrifty Payless Inc.*, 509 F.3d 978, 985 (9th Cir. 2007) ("[A]t the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence. Rather it draws all inferences in the light most favorable to the nonmoving party.") Accordingly, summary judgment cannot appropriately be granted.

C. <u>There Are Questions Of Fact About Whether Defendants' Time-Related Defenses Can Be "Tacked" Before 2016.</u>

1. **Laches Is Not Appropriately Decided At This Stage**

Defendants base their laches and equitable estoppel arguments on cases that addressed these defenses on summary judgment, ***after discovery***, not at the outset of the case. *See*, *e.g.*, *Jarrow Formulas, Inc. v. Nutrition Now*, 304 F.3d 829, 833 (9th Cir. 2002) (appeal of grant of summary judgment); *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 978 (9th Cir. 2006) (same), *Trs. of Bos. Univ. v. Everlight Elecs. Co.*, No. 12-11935-PBS, 2016 WL 1676543, at *1 (D. Mass. Apr. 26, 2016) (laches considered "[a]fter a jury trial and two-day laches bench trial). It is an affirmative defense which is typically pled when a defendant answers a complaint. *See* Fed. R. Civ. P. 8(c)(1).[3]

The reason is straightforward – laches and equitable estoppel require first an individualized "consideration of all the facts in a particular case." *Reese v. AT&T Mobility II, LLC*, No. 2:13-cv-05198-ODW, 2014 WL 1873046, *2 (C.D. Cal. 2014), citing *A.C. Aukerman Co. v. R.L. Chaides Const. Co.*, 960 F.2d 1020, 1030

---

[3] Defendants cite *Baby Trend, Inc. v. Playtex Prods., LLC*, No. 5:13-cv-647-ODW, 2013 WL 4039451 (C.D. Cal. Aug. 7 2013), which was decided on a motion to dismiss, and incorrectly assert that the court in that case "evaluat[ed] a laches defense." Mem. at 7-8. The court in *Baby Trend* found that plaintiff's claim was "time-barred under the three year statute of limitations." *Id.* at *5. The court expressly stated that because it was dismissing on statute of limitations grounds, it "need not reach Playtex's other grounds for dismissal," which included laches. *Id.* at *2. The case thus has no applicability to the motion in this case.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

(Fed.Cir.1992).[4]  Then, if consideration of all the facts shows undue delay by the plaintiff and prejudice to the defendant, laches still "is not established," but rather the trial court then may exercise its discretion to invoke the doctrine.  *Trs. of Bos. Univ.*, 2016 WL 1676543, at *4 ("Laches is not <u>established</u> by undue delay and prejudice." (emphasis in original) (citing *A.C. Aukerman Co. v. R.L. Chaides Const. Co.*, 960 F.2d 1020, 1040-41 (Fed.Cir.1992))).

Contrary to Defendants' assertion (*see* Memo. of P. & A., Dkt. 28, at 7), this case is not analogous to *Jarrow*.  In *Jarrow*, the defendant made its allegedly false claims continuously from the time it introduced its product through the filing of suit.  304 F.3d at 832-33, 839.  Here, on the other hand, the Complaint alleges that the offending products were "withdrawn from the market" shortly after the FDA sent a letter warning about the inaccuracy of the product labeling.  Complaint ¶ 37. Defendants introduced their similar products to a much wider market the day after this suit was filed.  Complaint ¶ 25.  The offending products thus were not marketed continuously, with the false labeling, in the market which is the subject matter of the Complaint, during the period Defendants wish to count for purposes of laches.

This fact impacts two critical points of the laches analysis—whether the alleged delay was unreasonable, and whether Defendants were prejudiced.  First, because the offending product apparently had been withdrawn from the market, any alleged delay was reasonable.  *Trs. of Bos. Univ.*, 2016 WL 1676543, at *6 (quoting *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S.Ct. 1962, 1974 (2014) ("[e]ven if an infringement is harmful, the harm may be too small to justify the cost of litigation"), and *citing*

---

[4] Defendants cite *Ellsworth v. U.S. Bank, N.A.*, 908 F. Supp. 2d 1063, 1083 (N.D. Cal. 2012) (*see* Memo. of P. & A., Dkt. 28, at 3-4, n.3), as supporting their view that the Court may consider these affirmative defenses at this stage.  *Ellsworth*, though does not apply because myriad facts are in dispute here, even if the Court could take judicial notice of all which Defendants identify.  Further, the *Ellsworth* court mentions neither laches nor equitable estoppel—two defenses relying on individualized consideration of all the facts in a particular case.  *See Reese*, *supra*.

*Koninklijke Philips N.V. v. Zoll Med. Corp.*, No. 10-11041-NMG, 2014 WL 2047878, at *9 (D.Mass. 2014) ("It is well established that a patentee is not required to sue all potential infringers at once to avoid a finding of laches."); *see also Fitbug Ltd. v. Fitbit, Inc.*, 78 F. Supp. 3d 1180, 1186 (N.D. Cal. 2015). In *Jarrow*, though, the court found that Jarrow had not offered a legitimate excuse for its delay. 304 F.3d at 839. Here, the Complaint provides the bases for Lifeway not filing suit until now. Taking those facts as true, it cannot be said that laches has been shown as a matter of law.

Second, because Defendants' product had not been marketed in Lifeway's main markets during the alleged delay, there is no basis on the face of the Complaint for the Court to find prejudice. The situation in this case is the exact opposite of that in *Jarrow*, where that defendant's product had been continuously marketed, the offending claims were "always prominently displayed on [the] product label," and were a central part of the defendant's "extensive marketing campaign." 304 F.3d at 839. At an absolute minimum, no such facts exist at this stage, the pleading stage, of this case.

## 2.   Equitable Estoppel Is Not Appropriately Decided At This Stage

Defendants' assertion of equitable estoppel fails as well. As an initial matter, "equitable estoppel" is an affirmative defense, and Defendants have neither answered the Complaint nor formally asserted this defense. *See* Fed. R. Civ. P. 8(c)(1) (listing "estoppel" as an affirmative defense). Moreover, these affirmative defenses rely on new allegations by Defendants and necessarily raise matters outside the Complaint. For example, to show estoppel, Defendants need to plead and prove some sort of change in position. Plainly, Defendants have not made that showing solely from the Complaint. Their reliance upon materials submitted in connection with the preliminary injunction motion are no less "outside the pleadings" by virtue of having been submitted to the Court via ECF. *See In re Am. Cont'l Corp./Lincoln Sav. & Loan Sec. Litig.,* 102 F.3d 1524, 1537 (9th Cir. 1996)*, rev'd on other grounds*, 523 U.S. 26 (1998) (noting that on a Motion to Dismiss, the court ignores facts outside the complaint presented in briefs and affidavits). Thus, these matters are not properly adjudicated on a motion to dismiss, for

which this Court is limited to the allegations made in the Complaint and any documents attached thereto.  *See Haskell*, 857 F.Supp. at 1396.

Even if the Court were to convert Defendants' motion to dismiss into a Motion for summary judgment, Defendants cannot show that they meet any of the elements for equitable estoppel.  Notably, Defendants misstate the elements.  *See* Memo. of P. & A., Dkt. 28, at 9.  To succeed on their equitable estoppel theory, Defendants must show: (1) that Plaintiff must know the facts; (2) that Plaintiff intended that its conduct shall be acted upon or must so act that Defendants have a right to believe it is so intended; (3) the Defendants must be ignorant of the true facts and (4) Defendants must rely on Plaintiff's conduct to their injury.  *See Morgan v. Gonzalez*, 495 F.3d 1084, 1092 (9th Cir. 2007).  Moreover, "equitable estoppel is disfavored and should only be applied as needed to avoid injustice."  *Bangkok Broad. & T.V. Co. v. IPTV Corp.*, 742 F. Supp. 2d 1101, 1115 (C.D. Cal. 2010) (internal citations omitted).

First, Defendants proclaim that the single sentence that "Lifeway knew of its claims against CocoKefir by 2010," satisfies the first element.  Memo. of P. & A., Dkt. 28, at 9.  As noted above, this argument is contrary to the Complaint's allegation that CocoKefir (Minnesota) had apparently stopped marketing its offending product sometime after the FDA sent its warning letter to Defendants in November 2011.  Complaint, Dkt. 1, at ¶ 37.  Thus, in order to decide estoppel on the basis of Defendants' asserted "facts," the Court would have to ignore the Complaint's contrary allegations, as well as the cease-and-desist letters Lifeway sent to Defendants in 2010 and 2012, after which Defendants took their product off the market.[5]  Thus, there is no evidence – much

---

[5] Defendants have alleged that it has continuously marketed and sold its product since 2009, alleging that this fact was "readily ascertainable," but providing no evidence on which Lifeway or this Court could conclude this as a matter of law.  In fact, the one item it cites in support of this notion—various printouts of Facebook and Twitter pages—were not offered for the truth of the matter asserted therein, i.e., that the company was continuously marketing and selling the CocoKefir product.  Because this is a disputed factual matter, it is not proper for adjudication at this stage.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

1  less undisputed evidence – to show what facts Lifeway knew that would operate to bar
2  this lawsuit, and Defendants have not shown any.

3      Next, Defendants claim that it was reasonable for them to conclude Lifeway was
4  "abandoning" its claims.  *See* Memo. of P. & A., Dkt. 28, at 9.  The case they cite for this
5  proposition, *Jensen v. W. Irrigation & Mfg., Inc.*, 650 F.2d 165 (9th Cir. 1980), is
6  inapposite.  There, the Ninth Circuit, on appeal from a trial verdict, found that the district
7  court failed to consider or make any findings of fact related to the reasonability of the
8  defendants' reliance.  It reversed the trial court's decision and remanded for further
9  proceedings.  Here, there are no facts in the record which would establish that Lifeway
10 had "abandoned" its objections or that anyone reasonably could have reached that
11 conclusion.  To the contrary, Defendants themselves claim that Lifeway repeatedly made
12 its objections known to whoever was marketing "CocoKefir" whenever such a product
13 was being marketed. Moreover, Lifeway informed Defendants of its objections as late as
14 just *days* before filing its Complaint.  *See* Declaration of D. Hass, Dkt. 6-3, at ¶ 3 (noting
15 September 2016 cease-and-desist letter), Memo. of P. & A., Dkt. 28, at 3-4 (noting prior
16 cease-and-desist letters).  Further, whether reliance is reasonable is a factual issue that
17 must be determined at trial; it is wholly inappropriate to adjudicate it before any
18 discovery has even occurred.  *See Living Designs, Inc. v. E.I. DuPont de Nemours & Co.*,
19 431 F.3d 353, 363 (9th Cir. 2005) (noting that reasonability of reliance is a triable factual
20 question and reversing award of summary judgment when that fact was disputed).  Put
21 simply, this element is not "clearly met" (Memo. of P. & A., Dkt. 28, at 9) when both the
22 alleged fact that Defendants believed Lifeway had abandoned its claim and the
23 reasonableness of this alleged belief are disputed.

24      Because Defendants have misstated the elements for equitable estoppel, they have
25 not shown they can establish the third element, either.  As noted above, Defendants were
26 repeatedly made aware of Lifeway's objections, and they have cited to nothing in their
27 motion to dismiss to establish their lack of such knowledge.  Though Defendants make a
28 conclusory statement that they "reli[ed] on the fact that Lifeway had abandoned its

allegations," this bald assertion is not enough to constitute evidence, and in any event, Lifeway disputes it.  As reasonable reliance is a triable issue of fact, it cannot be resolved at this stage.

Finally, Defendants assert only one way in which they detrimentally relied on Lifeway's alleged "abandonment" of its claims: Millennium's acquisition of "CocoKefir."  *See* Memo. of P. & A., Dkt. 28, at 10.[6]  Defendants have provided no information about that acquisition, so neither Lifeway nor the Court can know even what kind of transaction that was, what was transferred, what was given in exchange, and, critically, what if any impact Lifeway's actions had.  Whether Millennium relied on Lifeway's alleged "abandonment" of its claims when acquiring CocoKefir is a factual matter that must be revealed through discovery, along with whether that alleged reliance was reasonable.  Thus, Defendants cannot meet the fourth element at this stage of the litigation.

### 3.   Statute of Limitations Arguments also should not be Decided at this Stage

Defendants' statute of limitations claims are, likewise, inappropriate here.  First, the claim that a plaintiff has exceeded the statute of limitations is an affirmative defense. *See* Fed. R. Civ. P. 8(c)(1).  Second, like their laches and equitable estoppel arguments, Defendants rely entirely on facts outside the Complaint for support, which is inappropriate on a motion to dismiss.  Third, even if the Court converted the motion to one for summary judgment, Defendants have not established, as a matter of law, that Lifeway's claim began to accrue in 2010.  In fact, Lifeway specifically alleged that

---

[6] Defendants also state that "CocoKefir invested years of time, money, and effort into building its company around the CocoKefir brand," (Memo. of P. & A., Dkt. 28, at 10) but they do not state they made these investments on the assumption that Lifeway had abandoned its objections.  Of course, given that CocoKefir has allegedly been developing its brand since 2009, and Lifeway made its objections known in 2010, 2012, and 2016, there is no way CocoKefir LLC or Millennium could plausibly allege that they developed "CocoKefir" believing that Lifeway did not object.  Thus, the cases Defendants cite here are inapplicable.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

CocoKefir ceased to be sold sometime after the FDA sent its warning letter in November 2011, and the product's market presence only reached a level warranting this lawsuit in 2016. *See* Complaint, Dkt. 1, at ¶ 24-25, 37. Simply put, since the CocoKefir product appeared to have left the market, and in any case was not being offered in the larger markets which are the subject matter of the Complaint, there was no claim for Lifeway to pursue at that time. To the extent Defendants now assert that the CocoKefir brand never left the market, and that its presence was such that any claim Lifeway had started accruing in 2010, that is a disputed, material factual issue on which discovery is needed. Adjudication now would be premature.

Because Defendants cannot establish their "laches," "equitable estoppel," or statute of limitation defenses without resorting to both matters outside the Complaint and disputed, material facts, this Court should deny Defendants' motion to dismiss (or, in the alternative, motion for summary judgment) which rely on these affirmative defenses.

### D.   Lifeway Has Adequately Stated A Consumer Deception Claim

Defendants make the unsupported contention that Lifeway has failed to state a plausible claim that CocoKefir is false and misleading. To the contrary, Lifeway has plainly identified, with specificity, the who, what, when, where and how of the misconduct with which Defendants are charged, certainly sufficient to create a triable question of fact, let alone survive an attack on the pleadings.

*First*, Lifeway has identified Defendants' actionable, false statements, namely (1) the improper and deceptive use of the word Kefir to describe a product that is not and cannot be Kefir because, as Defendants admit, it does not contain dairy; and, (2) the use of an unapproved health claim on CocoKefir labels claiming, without FDA approval, that the product "supports healthy digestion," a claim that does not comply with any of the FDA's 16 categories of permissible health claims as set forth in 21 C.F.R. 101, Subpart E. In response, Defendants simply offer that Lifeway's claim that Kefir must be dairy is "wholly unsupported." Memo. of P. & A., Dkt. 28, at 11. To the contrary, Lifeway's Complaint offered numerous dictionary definitions of Kefir, the U.S. Food and Drug

14

Administration ("FDA") definition of "cultured milk" with its paradigmatic example being Kefir, and the FDA's own warning letter to Defendants' alleged predecessor as evidence that Kefir refers to a product derived from dairy. Nothing about the allegations here is conclusory, much less implausible.

*Second*, Lifeway's Complaint identifies multiple instances of consumer deception in the form of consumer comments on Defendants' own social media communications showing that the CocoKefir label is confusing. Furthermore, Lifeway's consumer survey demonstrates that a substantial segment of nearly 40% of consumers presented with the labels at issue was deceived into believing that CocoKefir contains milk when it does not. Plainly, it has pled a set of facts that could entitle it to relief. The question of the degree and extent of consumer confusion is plainly a disputed fact question for the trier of fact.

Defendants nevertheless argue that the claims are facially implausible because, according to Defendants, from a single look at the label any reasonable consumer surely must know that, among other things, "*Coco*" refers to coconut, "*Kefir*" refers to Kefir grains. Memo. of P. & A., Dkt. 28, at 12. Defendants rely upon *Ang v. Whitewave Foods Co.*, No. 13-cv-1953, 2013 WL 6492353 (N.D. Cal. Dec. 10, 2013) where a court dismissed claims challenging the use of terms like "soymilk," "almond milk," and "coconut milk" because, per that court: (1) there is a commonly understood standard of identity for milk and (2) the modification of the word "*milk*" with other commonly understood terms like "*soy*," "*almond*," or "*coconut*" adequately distinguished those products from milk as defined by FDA. The *Ang* court held that people know what each of milk, soy, almond and coconut are such that the reasonable consumer confronted with the product names knows what milk is. The modifier makes clear to that reasonable consumer that these products are not actually dairy milk. By contrast, by putting "Coco" in front of a word that is defined as fermented dairy milk, as Defendants here have done, does not obviously communicate that the product contains no dairy. Moreover, the *Ang* court noted that the FDA itself used the term "soymilk" referring to nondairy products, whereas here, the FDA has consistently described Kefir as a dairy product.

15

In spite of the FDA's description of Kefir, Defendants still try to argue there is no standard of identity for Kefir itself.  Defendants fail to acknowledge however, as Lifeway notes above, that the FDA has issued a statement identity for "cultured milk," which definition lists Kefir as the prime example of what constitutes a cultured milk product.  Defendants do not dispute that cultured milk is a dairy based product nor do they refute that FDA lists Kefir as an example of cultured milk.

Moreover, consumer perception of what "Kefir" means is necessarily a factual issue, and a disputed one at that.  Despite their numerous forays beyond the Complaint, Defendants have offered *no evidence* to support any claim that consumer understanding of Kefir is as Defendants argue.  On the other hand, Lifeway has shown that essentially all authoritative definitions of Kefir refer to dairy content and that many consumers answering a survey perceive that Defendants' products contain dairy, Defendants cannot be heard to argue that consumer knowledge of the term Kefir as referring to grains fermented with nondairy sources somehow matches the uniformity of consumer perceptions concerning dairy milk.   As Lifeway's consumer survey evidence shows, consumers are far more susceptible to deception by fake Kefirs like CocoKefir than they are likely to be confused about whether Soymilk, Coconut Milk or Almond Milk, is dairy milk.

At this early stage, without benefit of any evidence, Defendants are left to argue, in essence, (1) that they meant for consumers to perceive that their product contains no dairy; and, (2) that their messaging perfectly communicated this intended meaning to consumers such that consumers could not possibly have thought CocoKefir contains dairy.  For Defendants to be correct, one must presume 100% consumer awareness of what Kefir is, *and* 100% consumer adoption of Defendants' proffered definition of Kefir.  It is doubtful Defendants ever will be able to establish those points, but they certainly have not established them on this record as a matter of law.  Defendants offer nothing except argument that consumers could not possibly believe what Lifeway's evidence

1    shows a substantial number of them believe: that the product contains dairy.    A full

2    airing of that issue must wait for another day.

3         **E.    Lifeway Is Entitled To Bring Its Claims – They Are Not Precluded**

4         Defendants argue that Lifeway is trying privately to enforce the FDCA.  This is

5    wrong for two reasons.  First, the California Sherman Food, Drug, and Cosmetic Law,

6    Cal. Health & Safety Code § 109875 *et seq*., incorporates the requirements of the FDCA

7    as the food labeling requirements of the state of California.  Courts in this state have

8    repeatedly affirmed the principle that a requirement imposed by state law that effectively

9    parallels or mirrors the relevant sections of the FDCA may be enforced by private action

10   in California.  *See e.g. In Re Farm Raised Salmon Cases*, 42 Cal. 4th 1077, 1084, n.5

11   (2008); *Brazil v. Dole Food Co., Inc.*, 935 F. Supp. 2d 947, 953 (N.D. Cal. 2013)

12   (holding that the FDCA did not preempt identical provisions under the Sherman Law);

13   *Kosta v. Del Monte Corp.*, No. 12-cv-01722-YGR, 2013 U.S. Dist. LEXIS 69319, at *19

14   (N.D. Cal., May 15, 2013) (same).  A competitor, in particular, has an interest in bringing

15   an action to insure that misbranded foods are not sold, particularly where such sale will

16   cause the innocent competitor harm.[7]

17        Second, section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) authorizes an

18   action against a competitor for misbranding or false advertising, which action is

19   completely distinct from an action under the Sherman Law to enforce a violation of the

20   FDCA.  As the United States Supreme Court held in *POM Wonderful LLC v. Coca-Cola*

21   *Co.*:

22        [T]he FDCA and the Lanham Act complement each other in the federal
           regulation of misleading food and beverage labels. Competitors, in their
23         own interest, may bring Lanham Act claims [] that challenge food and
           beverage labels that are regulated by the FDCA.
24

25   134 S. Ct. 2228, 2233 (2014).

26   _____

27   [7] Defendants admit, at the front of their Motion to Dismiss, that they are Lifeway's
     competitor.  *See* Dkt 28 at 1 ("Lifeway commenced this action in an attempt to shut down
28   a competing brand—CocoKefir . . . .").

17

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

The Supreme Court held that a competitor has the right to pursue an action against a competitor who "[makes a] false or misleading description of fact, or false or misleading representation of fact, which . . . misrepresents the nature, characteristics, qualities, or geographic origin of [] goods, services, or commercial activities." *Id*. at 2234. "This principle reflects the Lanham Act's purpose of protect[ing] persons engaged in [commerce within the control of Congress] against unfair competition." *Id*. (internal quotations omitted). It is under this principle that Lifeway brings the instant action.

### F.    Leave And Discovery Should Be Granted

At bottom, Defendants' motion is premature and should be denied.  There is already too much evidence outside the pleadings showing a justiciable controversy to dismiss the case, and even if the Court were inclined to grant the motion to dismiss, leave would have to be given to include this additional evidence in the pleadings.  Under Rule 15(a) of the Federal Rules of Civil Procedures, "leave to amend shall be freely given when justice so requires."  *See Casualty v. Fannie Mae*, 915 F. Supp. 2d 1113, 1120, 1129 (C.D. Cal. 2012) (granting leave to amend in the false advertising context when "[p]laintiffs could potentially allege facts to show how their case rises to the level of deceptive advertising").  Moreover, "[t]his policy is applied with 'extreme liberality.'" *Id*. (*citing Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

Under these circumstances, dismissal without leave is improper.  *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) ("[D]ismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment."); *Polich v. Burlington N., Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991) (holding that appellants stated a cause of action pursuant to the Montana statute, and the amendment should have been permitted); *Portney v. CIBA Vision Corp.*, 593 F. Supp. 2d 1120, 1123 (C.D. Cal. 2008) ("dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment").

By the same token, on summary judgment, Lifeway is entitled to a fair and reasonable opportunity to take depositions and conduct discovery on the numerous factual contentions Defendants advance.  *See United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003) (when converting motion a 12(b)(6) motion into a Rule 56 motion for summary judgment, court "must give the *nonmoving party an opportunity to respond*"; *Inlandboatmens Union of the Pac. v. Dutra Group*, 279 F.3d 1075, 1083 (9th Cir. 2002), *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2103) ("When a district court does consider such extraneous evidence, the general rule is that the motion is converted into a motion for summary judgment, and the non-moving party must be allowed to conduct discovery in order to oppose that motion."); *Brach v. Tunnel*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) ("When matters outside the pleadings are presented to and not excluded by a court, a Rule 12(b)(6) motion is to be treated as one for summary judgment . . . and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.") (internal citations omitted).   Here, Lifeway is entitled to discovery on, among other things:

- The terms and conditions of the acquisition of "CocoKefir" in 2016.
- The respective sales levels of Defendants and CocoKefir (Minnesota).
- The distribution channels of Defendants and CocoKefir (Minnesota), particularly as compared to Lifeway's distribution channels.
- Consumer research done by Defendants and their expert.
- Marketing campaigns, advertising and label design by Defendants.

///
///
///
///
///

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

1

## III.    <u>CONCLUSION</u>

For all of these reasons, the motion to dismiss/motion for summary judgment is procedurally improper and legally unsupported, and should be denied.

Dated:  November 14, 2016             GREENBERG TRAURIG, LLP


By:  _____*/s/ Rick. L. Shackelford*_____
                                    Rick L. Shackelford
                                    Daniell K. Newman
                                    Adam Siegler
                                    Attorneys for Plaintiff
                                    Lifeway Foods, Inc.

*TCO 362245149v1*