JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIFEWAY FOODS, INC., | CASE NO.: CV 16-7099-R |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |
| v. | |
| MILLENIUM PRODUCTS, INC., d/b/a GT'S KOMBUCHA / SYNERGY DRINKS; and COCOKEFIR, LLC, | |
| Defendants. | |

Before the Court is Millennium Products, Inc. and CocoKefir LLC's (collectively, "Defendants") Motion to Dismiss (Dkt. No. 28), which was filed on October 28, 2016. Having been thoroughly briefed by both sides, this Court took the matter under submission on November 28, 2016.

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper when a complaint exhibits either a "(1) lack of a cognizable legal theory or (2) the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). Under the heightened pleading standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face[.]" *Twombly*, 550 U.S. at 570. The Plaintiff must

plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678. While a court must accept as true all factual allegations in a complaint, it need not accept allegations that are contradicted by matters subject to judicial notice. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

The Complaint alleges three causes of action against Defendants: (1) false advertising and unfair competition under the Lanham Act; (2) unfair competition under California Business and Professions Code §17200; and (3) false advertising in violation of California Business and Professions Code §17500. Defendants' Motion to Dismiss argues that all three claims are time-barred by the applicable statutes of limitations and the doctrine of laches. This Court agrees.

Courts may take judicial notice of facts which are not subject to reasonable dispute. Fed. R. Evid. 201. Publicly available government records are commonly subject to judicial notice. *Von Koenig v. Snapple Bev. Corp.*, 713 F. Supp. 2d 1066, 1073 (E.D. Cal. 2010). Publicly available documents extend to those which were filed earlier in the current case. *Britz Fertilizers, Inc v. Bayer Corp.*, 665 F. Supp. 2d 1142, 1177 (E.D. Cal. 2009). Finally, Courts may take judicial notice of internet publications to prove the availability of information contained in the publications, not the truth of the information. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2009).

Here, Defendants request that this Court take judicial notice of the June 3, 2013 "Close Out Letter" from the Food and Drug Administration to CocoKefir, CocoKefir's application to the United States Patent and Trademark Office ("USPTO"), a declaration filed earlier in this case, and social media posts by CocoKefir. Both the "Close Out Letter" and the USPTO application are publicly available government records. As such, their accuracy cannot be reasonably disputed and they are properly subject to judicial notice. With its Motion for Preliminary Injunction filed earlier in this case, Plaintiff offered a declaration by Lifeway's Vice President of Communications, Derek Miller. In the declaration, Mr. Miller testified that Lifeway was aware of CocoKefir in 2011. The accuracy of these statements cannot now be questioned by Lifeway, and they are publicly available on this Court's docket. Finally, Defendants offer screenshots from CocoKefir's social media pages for judicial notice. Defendants do not offer the social media for

the truth of the matters asserted, but rather for the fact that Lifeway could have observed CocoKefir's public activity from 2011 until present day. All of the documents are properly subject to judicial notice. The Request for Judicial Notice (Dkt. No. 29) is GRANTED.

The statute of limitations for a claim of false advertising and unfair competition under the Lanham Act "is somewhat elusive." *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 836 (9th Cir. 2002). There is no statute of limitations in the Lanham Act, so courts have generally borrowed the limitations periods from similar state law actions. *Id.* Under California law, the statute of limitations for claims of false advertising is three years. Cal. Civ. Proc. Code § 338. The limitation for claims of unfair competition under §17200 is four years. Cal. Bus. & Prof. Code § 17208. Statutes of limitations accrue when a plaintiff discovers the wrongful conduct or a reasonable person in plaintiff's position would have discovered the wrongdoing.

Here, Plaintiff first discovered the existence of CocoKefir and its allegedly infringing conduct in 2011. This discovery, according to Mr. Miller's declaration, included not just the existence of the CocoKefir company, but also the realization that the product it sold "contained no milk" and "posed a competitive threat." At this point, the statute of limitations accrued. Defendant's vice president of communications was aware of the wrongful conduct for which it now seeks redress, namely a competitor's alleged violation of labeling laws and the resultant harm to Plaintiff's market share. Since this discovery falls well beyond the applicable statutes of limitations, Plaintiff argues that its delay in bringing this suit was justified because it alleges in the Complaint that CocoKefir withdrew from the market "not long after the FDA's warning letter" in November 2011. This allegation is directly contradicted by evidence subject to judicial notice.

While this Court will accept as true all factual, well-pled allegations in the Complaint, it will not blindly accept allegations which are directly contradicted by evidence subject to judicial notice. This Court took judicial notice of three pieces of evidence which indicate that CocoKefir did not withdraw from the market shortly "after the FDA warning letter" and that Plaintiff could have known as much. First, the FDA continued to pursue action against CocoKefir after its initial warning letter in November 2011. After it sent the initial warning letter, CocoKefir responded to the FDA addressing the concerns raised in that warning letter. Then, on June 3, 2013, the FDA

1    sent CocoKefir a letter stating that its "corrective actions" had "addressed the violations contained
2    in [the November 2011 warning letter]."  Secondly, CocoKefir's application to the USPTO in
3    2015 is another example of the company's activity in the market.  The application itself was filed
4    in October 2015 and it states that the brand has been in use since 2010.  Finally, the CocoKefir
5    social media pages contain consistent posts promoting and advertising the company from 2011
6    until present day.  The posts include stories about the brand, alerts when new stores began to carry
7    CocoKefir, and news about probiotics generally.  This Court makes no determination as to the
8    substance of these posts, but their mere existence renders the allegation that CocoKefir withdrew
9    from the market implausible.  All Lifeway had to do to verify whether CocoKefir had withdrawn
10   from the market and ceased to harm their market share was to log on to Twitter.  Notably,
11   according to the Complaint, it was a renewed social media marketing campaign that, in part,
12   alerted Lifeway to the alleged relaunch of CocoKefir.  Taken together, this evidence flatly
13   contradicts Plaintiff's allegation that CocoKefir withdrew from the market.  On the contrary,
14   judicially-noticed evidence shows that CocoKefir was responding to the FDA, applying for
15   trademark protection, and continually marketing its products.  Each of these indications of
16   continued activity by CocoKefir was publicly available to Plaintiff and a reasonable company
17   concerned with a competitor's erosion of its market share would have discovered them.

18        Absent the lone allegation in the Complaint that CocoKefir withdrew from the market
19   shortly after November 2011, Plaintiff offers no justification for its delay in filing this case beyond
20   the statute of limitations.  Accordingly, the state law claims are dismissed.

21        While state law claims are clearly subject to the statutes of limitation, the relation between
22   laches and statute of limitations regarding the Lanham Act is elusive.  However, having
23   established that the wrongful conduct began outside of the statute of limitations, this Court also
24   finds that Plaintiff's Lanham claims are barred by laches.

25        "'Laches is an equitable time limitation on a party's right to bring suit,' resting on the
26   maxim that 'one who seeks the help of a court of equity must not sleep on his rights.'"  *Jarrow*,
27   304 F.3d at 835 (citation omitted).  "If a suit is filed outside of the analogous limitations period,
28   courts often have presumed that laches is applicable."  *Id.* at 836.  In order to assert laches,

4

1  Defendants must show that Plaintiff's delay in filing was unreasonable, and that Defendants would
2  be prejudiced by the delay if the suit proceeds.

3  Plaintiff only alleged one reason for its failure to bring suit earlier, CocoKefir's alleged
4  withdrawal from the market. As discussed above, this allegation is flatly contradicted by evidence
5  subject to judicial notice. With no other explanation to justify Plaintiff's delay, this Court finds
6  that the delay was unreasonable.

7  Defendants argue that they would be prejudiced by the delay should the suit proceed
8  because they have dedicated seven years and significant resources to promote their brand and
9  develop their products. In opposition, Plaintiff again argues that Defendants would not be
10 prejudiced by the delay because they have not been active in the market since 2011. This fails yet
11 again given the evidence of CocoKefir's activity in the markets shown by the FDA Close Out
12 Letter, the USPTO application, and the CocoKefir social media posts. Additionally, should the
13 case continue, Defendants would be forced to undertake discovery of materials dating back to
14 2011. Defendants have relied on the FDA's Close Out Letter approving of their labels and
15 proceeded to develop their business accordingly. They would not have continued to invest in their
16 brand had they known that Plaintiff would bring suit five years after discovery of their brand.

17 Defendants have shown that Plaintiff's delay in filing suit was unjustified because it was
18 unreasonable to believe that CocoKefir had withdrawn from the market given their interactions
19 with the FDA and USPTO and their continuous social media presence. Defendants also showed
20 that they would be prejudiced as a result of Plaintiff's delay due to their reliance on the FDA
21 approval of their name and label. As such, laches applies and bars Plaintiff's Lanham Act claim.

22 **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss is GRANTED. (Dkt.
23 No. 28).

24 Dated: December 14, 2016.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

5