1  BRIAN M. BERLINER (S.B. #156732)
   bberliner@omm.com
2  JORDAN RAPHAEL (S.B. #252344)
   jraphael@omm.com
3  O'MELVENY & MYERS LLP
   400 South Hope Street
4  Los Angeles, California 90071-2899
   Telephone: (213) 430-6000
5  Facsimile: (213) 430-6407

6  TIM BYRON (S.B. #277569)
   tbyron@omm.com
7  JESSE J. KOEHLER (S.B. #300530)
   jkoehler@omm.com
8  O'MELVENY & MYERS LLP
   Two Embarcadero Center, 28th Floor
9  San Francisco, California 94111
   Telephone: (415) 984-8700
10 Facsimile: (415) 984-8701

11 Attorneys for Defendants
   MILLENNIUM PRODUCTS, INC. and
12 COCOKEFIR LLC

13

14

15

16              **UNITED STATES DISTRICT COURT**

17            **CENTRAL DISTRICT OF CALIFORNIA**

18 LIFEWAY FOODS, INC.,              Case No 2:16-cv-07099-R-JEM

19                Plaintiff,         **DECLARATION OF BRIAN M.
                                     BERLINER IN SUPPORT OF**
20         v.                        **DEFENDANTS' MOTION FOR
                                     ATTORNEYS' FEES AND COSTS**
21 MILLENNIUM PRODUCTS, INC.,
   d/b/a GT'S KOMBUCHA /             Judge:         Hon. Manuel L. Real
22 SYNERGY DRINKS; and               Hearing Date:  February 6, 2017
   COCOKEFIR LLC,
23
24                Defendants.

25

26

27

28

BERLINER DECL. ISO DEFS.'
MOT. FOR FEES AND COSTS                              2:16-CV-07099-R-JEM

## DECLARATION OF BRIAN M. BERLINER

I, Brian M. Berliner, hereby state and declare as follows:

1.     I am an attorney at law licensed to practice before all courts in the State of California and admitted to practice in federal court in the Central District of California.  I am a partner at O'Melveny & Myers LLP ("O'Melveny"), counsel of record for Defendants Millennium Products, Inc. and CocoKefir LLC ("Defendants") in this case.  I make this declaration in support of Defendants' Motion for Attorneys' Fees and Costs (the "Motion").  I have personal knowledge of the facts set forth below.

2.     O'Melveny & Myers LLP ("O'Melveny") is an international law firm with approximately 700 lawyers in 15 offices worldwide.  O'Melveny was founded in 1885 and is the oldest existing major law firm in Los Angeles.  O'Melveny is recognized as a leader in handling complex litigation.  For example, O'Melveny has been among the top 10 on *The American Lawyer*'s A-List for the past four years, and is one of just two firms to have been named a winner, finalist, or honorable mention recipient in every year of *The American Lawyer*'s Litigation Department of the Year contest.  O'Melveny has been recognized as a "California Powerhouse" by *Law360* for the past two years (2014, 2015).  O'Melveny is also rated as a "Leading Firm" by *Chambers USA*.

3.     I, along with O'Melveny partner Scott Voelz, counsel Jordan Raphael and Tim Byron, and associate Jesse J. Koehler are counsel for Defendants in this case.  We were assisted in this case by O'Melveny paralegal Peggy McCormick.  Because Plaintiff Lifeway Foods, Inc. ("Lifeway") filed this case against Defendants (along with its *ex parte* motion for a temporary restraining order) with no prior notice, we also received assistance from O'Melveny counsel Hannah Y. Chanoine, and associates Sarah Pfeiffer, and Cara Gagliano in order to formulate and develop the arguments and evidence necessary to timely respond to Lifeway's claims and briefing papers.

4.      I performed a detailed review of the time spent by the O'Melveny timekeepers: (a) litigating Plaintiff Lifeway Foods, Inc.'s *Ex Parte* Application for Preliminary Injunction, or in the Alternative, for Temporary Restraining Order (ECF No. 6) and Amended Motion for Preliminary Injunction (ECF No. 12-1), which resulted in the Court issuing the November 17, 2016 Order Denying Plaintiff's Motion for Preliminary Injunction (ECF No. 32); and (b) bringing and litigating Defendants' Motion to Dismiss Complaint (ECF No. 28), which resulted in the Court issuing the December 14, 2016 Order Granting Defendants' Motion to Dismiss (ECF No. 41).  I reviewed the time records to verify the accuracy, appropriateness, and fairness of the billing.  I totaled the number of attorney and paralegal hours charged by the O'Melveny timekeepers identified in Paragraph 3 and myself and multiplied those hours by the respective hourly rates O'Melveny charged to Defendants for this work.  The total hours and related fees for the foregoing areas are as follows:

| | | | |
|---|---|---|---|
| a. | Litigating Motion for Preliminary Injunction: | 249.80 hrs | $151,508.70 |
| b. | Bringing and Litigating Motion to Dismiss: | 106.20 hrs | $64,471.05 |
| | ***Totals*** | 356.00 hrs | $215,979.75 |

I did not include any hours incurred preparing the Motion or this Declaration, but Defendants are also seeking those fees as well.

5.      The total hours charged by each O'Melveny timekeeper for this matter are as follows:

a. Brian M. Berliner          7.50  hrs

b. Scott Voelz                7.90  hrs

c. Jordan Raphael            60.30  hrs

d. Tim Byron               162.00  hrs

e. Jesse J. Koehler          86.50  hrs

| | | |
|---|---|---|
| f. | Hannah Y. Chanoine | 3.00 hrs |
| g. | Sarah Pfeiffer | 10.80 hrs |
| h. | Cara Gagliano | 0.20 hrs |
| j. | Peggy McCormick | 17.80 hrs |

The time records for each timekeeper, including descriptions of the work each timekeeper performed and the corresponding amount of time spent, are routinely entered into a computerized accounting system maintained by O'Melveny's accounting department and then billed in a monthly invoice to Defendants.[1] Invoices for these time records were billed to Defendants monthly. Defendants have paid each of these invoices to date, with the exception of the December 7, 2016 invoice, which is not yet considered past due.

6. The respective hourly rates O'Melveny charged to Defendants for this matter with respect to the above-mentioned timekeepers are as follows: Brian M. Berliner - $922.50; Scott Voelz - $855.00; Hannah Y. Chanoine - $733.50; Jordan Raphael - $697.50; Tim Byron - $652.50; Sarah Pfeiffer - $630.00; Jesse J. Koehler - $463.50; Cara Gagliano - $391.50; and Peggy McCormick - $319.50. These rates reflect a voluntary 10% discount of the identified timekeepers' regular rates.

7. I—Brian M. Berliner—am an O'Melveny partner and a member of its Intellectual Property and Technology/Litigation Practice. I graduated from Loyola Law School in 1991 and was admitted to the State Bar of California in 1991. I have been regularly recognized by *Chambers USA* as a leading intellectual property attorney.

8. Scott Voelz is an O'Melveny partner and a member of its Consumer Class Actions/Labor & Employment/Product Liability & Mass Torts/Litigation

---

[1] Copies of the invoices sent to Defendants containing these summaries and contemporaneous time entries can be made available upon the Court's request.

1  Practices.  He graduated from Yale Law School in 1995 and was admitted to the
2  State Bar of California in 1995.

3        9.     Jordan Raphael is a counsel with O'Melveny and a member of the
4  Intellectual Property & Technology/Litigation Practice.  He graduated from the
5  University of Southern California Gould School of Law in 2007 and was admitted
6  to the State Bar of California in 2007.  Jordan has been selected as one of the 2016
7  Southern California Rising Stars by *Super Lawyers*.

8        10.    Tim Byron is a counsel with O'Melveny and a member of the
9  Intellectual Property & Technology/Litigation Practice.  He graduated from the
10  University of California at Berkeley School of Law in 2010 (Order of the Coif) and
11  was admitted to the State Bar of California in 2011.  He clerked for Hon. Samuel
12  Conti of the United States District Court for the Northern District of California.

13        11.    Jesse J. Koehler is an associate with O'Melveny and a member of the
14  Intellectual Property & Technology/Litigation Practice.  He graduated from the
15  University of California at Berkeley School of Law in 2014 and was admitted to the
16  State Bar of California in 2014.

17        12.    Hannah Y. Chanoine is a counsel with O'Melveny and a member of
18  the Consumer Class Actions/Litigation Practice.  She graduated from Columbia
19  Law School in 2004 and was admitted to the State Bar of Massachusetts in 2005
20  and the State Bar of New York in 2006.

21        13.    Sarah Pfeiffer is an associate with O'Melveny and a member of the
22  Intellectual Property & Technology/Litigation Practice.  She graduated from Boston
23  University School of Law in 2011 and was admitted to the State Bar of California
24  in 2011.

25        14.    Cara Gagliano is an associate with O'Melveny and a member of the
26  Litigation Practice.  She graduated from New York University School of Law in
27  2015 and was admitted to the State Bar of California in 2016.

28

BERLINER DECL. ISO DEFS.'
MOT. FOR FEES AND COSTS                - 4 -                2:16-CV-07099-R-JEM

15.     Based on my experience and knowledge of the Los Angeles legal community, I believe that the billing rates for O'Melveny's attorneys are reasonable and in line with prevailing rates in the community for services by attorneys and professionals of comparable skill, experience, and reputation for complex litigation such as this.  Further, it is my opinion that the time and fees billed by O'Melveny timekeepers in this litigation were both reasonable and appropriate and were within the standard of the community for a case of this type and complexity.

16.     This litigation was rendered more complex and time-consuming by Plaintiff's actions, including Plaintiff's failure to conduct an appropriate pre-lawsuit investigation of its records and the public record (*e.g.*, Twitter) concerning the untimeliness of its claims.  Attached hereto as **Exhibit A**, **Exhibit B**, and **Exhibit C**, respectively, are a true and correct copies of email correspondence dated November 15, 2016, December 2, 2016, and December 13, 2016 between O'Melveny counsel Jordan Raphael and attorneys for Plaintiff regarding Plaintiff's lack of pre-lawsuit investigation.  As of the date of this filing, Plaintiff's counsel has not responded to Mr. Raphael's December 13, 2016 letter.

17.     Based on my experience and knowledge of the Los Angeles legal community, I believe that the fees for which Defendants seek reimbursement (*i.e.*, the "lodestar") are reasonable.


I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed in Los Angeles, California on December 28, 2016.

*/s/ Brian M. Berliner*

Brian M. Berliner

**<u>EXHIBIT A</u>**



# O'MELVENY & MYERS LLP

BEIJING

BRUSSELS

CENTURY CITY

HONG KONG

LONDON

NEWPORT BEACH

NEW YORK

400 South Hope Street
Los Angeles, California 90071-2899

TELEPHONE (213) 430-6000
FACSIMILE (213) 430-6407
www.omm.com

SAN FRANCISCO

SEOUL

SHANGHAI

SILICON VALLEY

SINGAPORE

TOKYO

WASHINGTON, D.C.

November 15, 2016

WRITER'S DIRECT DIAL
(213) 430-7734

**VIA EMAIL (SHACKELFORDR@GTLAW.COM)**

WRITER'S E-MAIL ADDRESS
jraphael@omm.com

Rick L. Shackelford, Esq.
Greenberg Traurig, LLP
1840 Century Park East
Suite 1900
Los Angeles, CA 90067

Re: ___Lifeway Foods, Inc. v. Millennium Products, Inc., et al.,___
 *(C.D. Cal. Case No. 2:16-CV-07099-R-(JEM))*

Dear Rick:

In its Complaint, your client Lifeway alleges that "[n]ot long after the FDA's [2011] warning letter, the old 'CocoKefir' product was withdrawn from the market." ECF No. 1 ¶ 37. Lifeway also relies heavily on this allegation in its preliminary injunction briefing papers, and in its opposition to Defendants' motion to dismiss. *See* ECF No. 6 at 6; ECF No. 12-1 at 9, 14; ECF No. 31 at 9.

As Lifeway's counsel, you were obligated to conduct an adequate pre-filing investigation into your client's case. Moreover, by filing the Complaint you have certified that the allegation about the alleged withdrawal of the CocoKefir product in 2011 has evidentiary support. *See* Fed. R. Civ. P. 11(b). Please forward Lifeway's basis for this allegation by close of business on Thursday, November 17.

Sincerely,

Jordan Raphael
for O'Melveny & Myers LLP

JPR/sn

OMM_US:75292693.1

**Exhibit A**
**Page 6**

**EXHIBIT B**



Adam Siegler
Fax 310.586.7800
sieglera@gtlaw.com

December 2, 2016

Jordan Raphael, Esq.
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA 90071

       **Re:**    *Lifeway Foods, Inc. v. Millennium Products, Inc., et al.,*
             *USDC Case No: 2:16-CV-07099-R-(JEM)*

Dear Jordan:

      I am responding to your November 15, 2016 letter to Rick Shackelford, in which you reference Rule 11 in what I understand to be a predicate for a later motion for attorneys' fees. In particular, you reference our client's belief and allegation that CocoKefir was, at one time, withdrawn from the market. You and I have since met and conferred in person with regard to this matter, but I agree that it is appropriate to provide a written response to your written request.

      Our client, Lifeway, reasonably believed that CocoKefir (Minnesota) was going out of business, based upon a number of interrelated facts. First, after years of production, CocoKefir (Minnesota) failed to achieve any meaningful distribution in the major supermarket chains where Lifeway sells its products, and the CocoKefir product did not have any visibility to Lifeway. Second, our client reported instances when CocKefir (Minnesota's) telephone service was interrupted. Third, the website appeared to be down, which was particularly telling, in that we understand a significant amount of the company's sales occurred online through its website. Fourth, the company itself publicly announced it was moving its production facility, which for a time appeared to be offered as a way of explaining its inability to take or fill orders. And finally, the product and brand were sold off to Millennium. We believe that discovery will reveal that Millennium paid very little in cash for the brand, precisely because it had no meaningful distribution, little profit, and low value. Lifeway expects that discovery will provide additional evidentiary support for these allegations once we have had a reasonable opportunity to conduct such discovery and take depositions.

      It is important to consider the context for this allegation. The salient point is whether CocoKefir (Minnesota) had a large enough market presence to justify the expense of a lawsuit (which in this case has already cost both litigants tens of thousands of dollars). It did not. Whether it sold zero cases or 1,000, it simply did not have a large enough market presence to warrant a lawsuit. The question of whether CocoKefir was "withdrawn from the market" entirely, or "substantially withdrawn from the market" with only a *de*

GREENBERG TRAURIG, LLP ▪ ATTORNEYS AT LAW ▪ WWW.GTLAW.COM
1840 Century Park East ▪ Suite 1900 ▪ Los Angeles, CA 90067 ▪ Tel 310.586.7700 ▪ Fax 310.586.7800

December 2, 2016
Page 2

*minimus* market presence remaining, is not legally meaningful to the issues framed in the pleadings.

      I should also point out that the Complaint was not filed "for any improper purpose," as referenced in Rule 11(b).  Rather, it is based on a genuine and reasonable belief that the widespread use of the term "CocoKefir" by Millennium will cause consumer confusion and result in serious damage to the brand that Lifeway has built up over 30 years.  We believe that discovery will provide additional evidentiary support for these contentions as well.

      I trust that this addresses the concerns in your letter.

Best regards,

Adam Siegler

AS:dg

**Exhibit B**
**Page 8**

**<u>EXHIBIT C</u>**



# O'MELVENY & MYERS LLP

BEIJING
BRUSSELS
CENTURY CITY
HONG KONG
LONDON
NEWPORT BEACH
NEW YORK

400 South Hope Street
Los Angeles, California  90071-2899

TELEPHONE  (213) 430-6000
FACSIMILE  (213) 430-6407
www.omm.com

SAN FRANCISCO
SEOUL
SHANGHAI
SILICON VALLEY
SINGAPORE
TOKYO
WASHINGTON, D.C.

December 13, 2016

WRITER'S DIRECT DIAL
(213) 430-7734

**VIA EMAIL (SIEGLERA@GTLAW.COM)**

WRITER'S E-MAIL ADDRESS
jraphael@omm.com

Adam Siegler, Esq.
Greenberg Traurig, LLP
1840 Century Park East
Suite 1900
Los Angeles, CA 90067

      Re:    ***Lifeway Foods, Inc. v. Millennium Products, Inc., et al.,***
           ***(C.D. Cal. Case No. 2:16-CV-07099-R-(JEM))***

Dear Adam:

We write in response to your December 2, 2016 letter responding to our November 15, 2016 letter.  While we appreciate your efforts to respond to our client's concerns, your December 2 letter fails to answer our question about whether or not Lifeway conducted an adequate pre-filing investigation into its repeated allegation that the CocoKefir product was purportedly pulled from the market "[n]ot long after the FDA's [2011] warning letter."  ECF No. 1 ¶ 37.  The alleged "interrelated facts" referenced in your letter largely concern events that purportedly occurred in the *2016* period in connection with Millennium's acquisition of CocoKefir and its decision to move operations from Minnesota to California; none relate to Lifeway's specific allegation that the CocoKefir product was withdrawn in *2011*.

Your letter purports to provide five bases for Lifeway's allegation.  Each is addressed below:

1. **"[T]he CocoKefir product did not have any visibility to Lifeway."**  Your letter states that "after years of production, CocoKefir (Minnesota) failed to achieve any meaningful distribution in the major supermarket chains where Lifeway sells its products, and the CocoKefir product did not have any visibility to Lifeway."  The reference to "years of production" clearly implies a date long after 2011 when Lifeway allegedly had no "visibility" of the CocoKefir product.  Your contention is also flatly contradicted by CocoKefir's robust, continuous promotion of its brand and products via Facebook and Twitter over the past six years—all of

**Exhibit C**
**Page 9**

O'MELVENY & MYERS LLP
December 13, 2016 - Page 2

which was readily accessible (and "visible") to Lifeway through a simple Google search.  ECF No. 17-3, Ex. L; ECF No. 17-4, Ex. M.

2. **"[R]eported instances when CocKefir [sic] (Minnesota's) telephone service was interrupted."**  This purported basis relies on Derek Miller's attempts on October 24, 2016 to call CocoKefir LLC.  ECF No. 26 at 11; ECF No. 26-3 ¶ 14.  Not only did this investigation occur *after* Lifeway filed its Complaint, the results of a 2016 phone call are irrelevant to the purported withdrawal of the CocoKefir product in 2011.

3. **"[T]he website appeared to be down."**  This purported basis relies on Derek Miller's  attempts on October 24, 2016 to visit http://shop.cocokefir.com.  ECF No. 26 at 11; ECF No. 26-3 ¶ 13.  Not only did this investigation occur *after* Lifeway filed its Complaint, it is irrelevant to the purported withdrawal of the CocoKefir product in 2011 whether that website was operational on October 24, 2016.  Further, the publicly available versions of CocoKefir's website archived by the Internet Archive's Wayback Machine demonstrate that the website was active as of Millennium's acquisition of CocoKefir in March 2016.  ECF No. 17-1 ¶ 8, Ex. O.

4. CocoKefir **"publicly announced it was moving its production facility."**  This purported basis appears to refer to an April 2016 Facebook post by CocoKefir.  ECF No. 26 at 11.  Not only did this investigation occur *after* Lifeway filed its Complaint (since Lifeway apparently only viewed the CocoKefir Facebook page until Defendants submitted it as an exhibit to the Declaration of Michael Larsen), it is irrelevant to the purported withdrawal of the CocoKefir product in 2011 that the CocoKefir production facilities were moved in 2016 following Millennium's acquisition of CocoKefir.

5. **"[T]he [CocoKefir] product and brand were sold off to Millennium**."  This purported basis refers to the March 2016 acquisition of CocoKefir by Millennium, the timing of which Lifeway acknowledges in its Complaint and preliminary injunction briefing papers.  ECF No. 1 ¶ 31; ECF No. 12-1 at 14.  Again, this 2016 event is irrelevant to the purported withdrawal of the CocoKefir product in 2011.

Lifeway's unsupported allegation concerning the purported 2011 withdrawal of the CocoKefir product remains critical because Lifeway has continued its reliance on this allegation in opposition to Defendants' motion to dismiss.  ECF No. 31 at 7, 9, 15, 16, 17, 20.  Specifically, Lifeway uses the purported 2011 withdrawal to justify the untimeliness of Lifeway's Complaint in an effort to avoid dismissal of its claims based on Defendants' equitable defenses and the statute of limitations.  ECF No. 31 at 15 ("[B]ecause the offending product apparently had been withdrawn from the market, any alleged delay was reasonable.").

**Exhibit C**
**Page 10**

O'MELVENY & MYERS LLP
December 13, 2016 - Page 3


     Your belief that discovery will justify (or that your post-filing investigation has justified) Lifeway's allegation is no substitute for an adequate pre-filing investigation.  *See* Fed. R. Civ. P. 11(b).  Accordingly, we reiterate our demand that you provide the *pre-filing* basis for Lifeway's allegation in its Complaint concerning the purported 2011 withdrawal of the CocoKefir product by close of business on December 21, 2016.

     Sincerely,

     Jordan Raphael
     for O'Melveny & Myers LLP

JPR/jjk

**Exhibit C**
**Page 11**