CLOSED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIFEWAY FOODS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MILLENIUM PRODUCTS, INC., d/b/a GT'S KOMBUCHA / SYNERGY DRINKS; and COCOKEFIR, LLC,<br><br>Defendants. | CASE NO.: CV 16-7099-R<br><br>ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES |

Before the Court is Millennium Products, Inc. and CocoKefir LLC's (collectively, "Defendants") Motion for Attorney's Fees (Dkt. No. 42), which was filed on December 28, 2016. Having been thoroughly briefed by both sides, this Court took the matter under submission on January 26, 2017.

This Court denied Plaintiff's *ex parte* application for a temporary restraining order, (Dkt. No. 9), and its Motion for Preliminary Injunction, (Dkt. No. 32). The Court then granted Defendant's Motion to Dismiss based on statutes of limitations and laches. (Dkt. No. 41). Now, Defendant requests that this Court grant its Motion for Attorney's Fees.

Under the Lanham Act, "the court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. §1117(a). Exceptional is interpreted as it is ordinarily

understood—uncommon, rare, not ordinary, unusual, or special. *Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, 134 S.Ct. 1749, 1756 (2014). "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position . . . or the unreasonable manner in which the case was litigated." *Id.* Courts consider the totality of the circumstances and exercise their discretion in making such a determination. *Id.*

Defendants first argue that Plaintiff's case was exceptional because it was "exceedingly meritless." Defendants argue that Plaintiff should have known that its case had no merit because Plaintiff was aware of Defendants' business in 2011 thereby rendering its claims time-barred. The Court disagrees. The fact that a party is unsuccessful in its case does not render the case meritless. *See Brown v. Elec. Arts, Inc.*, 722 F. Supp. 2d 1148, 1152 (C.D. Cal. 2010) ("the sheer fact that a motion to dismiss is granted does not suffice to show that the claim was groundless, or was not a colorable claim."). Plaintiff had a basis for its argument that the statute of limitations should be tolled. Namely, Plaintiff believed that Defendants had left the market. This Court ultimately disagreed with that contention, however that does not render Plaintiff's claim "exceedingly meritless." Finally, Defendants claim that Plaintiff's should have known its case was meritless when Defendants filed their opposition to the motion for preliminary injunction. Defendants imply that Plaintiff should have simply dropped its case then and there. As experienced litigators, Defendants know full and well that is not how cases are usually conducted.

Next, Defendants argue that Plaintiff's decision to carry on their claims after Defendants' opposition to the motion for preliminary injunction "unreasonably multipl[ied] the proceedings and expense to Defendants." Further, Defendants argue that Plaintiff's motion for preliminary injunction and reply to the opposition to motion for preliminary injunction unreasonably multiplied proceedings. The first argument fails for the same reason it did above. The Court is not persuaded that Defendants' briefing was so convincing that Plaintiff should have dropped its case. Similarly, Plaintiff added its survey of consumers to the preliminary injunction in an attempt to prove confusion in the market. The decision to do so was reasonable under the circumstances, and, although it did not ultimately persuade the Court, it was not unnecessarily multiplicative. The filings and conduct of Plaintiff in this case do not rise to the level of unreasonable litigation

conduct.

Defendant also moves for attorney's fees under 28 U.S.C. § 1927. "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Defendant relies on the same conduct that it claimed warranted attorney's fees under the Lanham Act. As discussed above, Plaintiff's conduct in this case did not unreasonably multiply proceedings. Accordingly, the Motion also fails to show that Plaintiff "unreasonably and vexatiously" multiplied the proceedings in this case.

**IT IS HEREBY ORDERED** that Defendants' Motion for Attorney's Fees is DENIED. (Dkt. No. 42).

Dated: February 13, 2017.

MANUEL L. REAL
UNITED STATES DISTRICT JUDGE